**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 12-50954-THF |
| | § | |
| SE BOOK COMPANY, LLC | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT
CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED
AND APPLICATION TO BE DISCHARGED (TDR)**

Mark R. Little, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | | | |
|---|---|---|---|
| Assets Abandoned: *(without deducting any secured claims)* | $2,748,776.00 | Assets Exempt: | NA |
| Total Distributions to Claimants: | $456,998.12 | Claims Discharged Without Payment: | NA |
| Total Expenses of Administration: | $172,392.81 | | |

3) Total gross receipts of $629,390.93 (see **Exhibit 1**), minus funds paid to the debtor(s) and third parties of $0.00 (see **Exhibit 2**), yielded net receipts of $629,390.93 from the liquidation of the property of the estate, which was distributed as follows:

|  | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| Secured Claims (from **Exhibit 3**) | $0.00 | $21,861,796.22 | $11,035,383.61 | $0.00 |
| Priority Claims: |  |  |  |  |
| Chapter 7 Admin. Fees and Charges (from **Exhibit 4**) | NA | $172,290.89 | $172,290.89 | $172,392.81 |
| Prior Chapter Admin. Fees and Charges (from **Exhibit 5**) | NA | $0.00 | $0.00 | $0.00 |
| Priority Unsecured Claims (From **Exhibit 6**) | $142,703.91 | $83,467.35 | $69,464.77 | $69,464.77 |
| General Unsecured Claims (from **Exhibit 7**) | $1,544,625.08 | $98,957,568.12 | $93,721,468.41 | $387,533.35 |
| **Total Disbursements** | $1,687,328.99 | $121,075,122.58 | $104,998,607.68 | $629,390.93 |

4).  This case was originally filed under chapter 7 on 10/27/2012.  The case was pending for 79 months.

5).  All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6).  An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**.  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated: 05/04/2019                    By:    /s/ Mark R. Little
                                                           Trustee

STATEMENT:  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-TDR (10/1/2010)

EXHIBITS TO
FINAL ACCOUNT

## EXHIBIT 1 – GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE | AMOUNT RECEIVED |
|---|---|---|
| Land contract for property in Hickory, KY - Commercial building. Approx. 200,000 | 1121-000 | $109,388.76 |
| Commercial building located at 333 U.S. Hwy 641 N., Murray, KY 42071 | 1122-000 | $150,000.00 |
| New and used textbooks | 1129-000 | $5,000.00 |
| Shelving units | 1129-000 | $2,000.00 |
| webuytextbooks web site | 1129-000 | $7,500.00 |
| Accounts Receivable | 1221-000 | $13,601.55 |
| Bank Accounts | 1229-000 | $49,823.43 |
| Apremio Consulting-recovery under AP | 1241-000 | $1,500.00 |
| CDW recovery under AP | 1241-000 | $13,635.00 |
| FedEx recovery under AP | 1241-000 | $8,500.00 |
| Indaba Systems, LLC-recovery under AP | 1241-000 | $110,000.00 |
| Recovery of preference payments from David Griffin. | 1241-000 | $156,442.19 |
| Wells Fargo recovery of preference payments. | 1241-000 | $2,000.00 |
| From Account #5004815667 | 1290-000 | ($5,609.68) |
| From Account #5004815667 | 1290-000 | $5,609.68 |
| **TOTAL GROSS RECEIPTS** | | $629,390.93 |

The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES
NONE

## EXHIBIT 3 – SECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 2 | Wells Fargo Financial Leasing, Inc. | 4210-000 | $0.00 | $208,971.00 | $208,971.00 | $0.00 |
| 11 | David B. Griffin | 4110-000 | $0.00 | $10,826,412.61 | $0.00 | $0.00 |
| 12 | SEB Funding, LLC | 4110-000 | $0.00 | $10,826,412.61 | $10,826,412.61 | $0.00 |
| | Court Leasing Corp. | 4210-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| | Court Square Leasing Corp. | 4210-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| | Court Square Leasing Corp. | 4210-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| | Mercedes-Benz | 4210-000 | $0.00 | $0.00 | $0.00 | $0.00 |

UST Form 101-7-TDR (10/1/2010)

| | | | | | |
|---|---|---|---|---|---|
| | Financial Servies | | | | |
| | Planters Bank | 4110-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| | VAR Resources, Inc. | 4210-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED CLAIMS** | | | $0.00 | $21,861,796.22 | $11,035,383.61 | $0.00 |

### EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Mark R. Little, Trustee | 2100-000 | NA | $34,719.55 | $34,719.55 | $34,719.55 |
| Mark Little, Trustee | 2200-000 | NA | $5,333.86 | $5,333.86 | $5,333.86 |
| Community Financial Services Bank | 2600-000 | NA | $1,106.00 | $1,106.00 | $1,106.00 |
| Independent Bank | 2600-000 | NA | $638.52 | $638.52 | $638.52 |
| Integrity Bank | 2600-000 | NA | $36,511.83 | $36,511.83 | $36,511.83 |
| Planters Bank, Inc. | 2600-000 | NA | $2,500.00 | $2,500.00 | $2,500.00 |
| Rabobank, N.A. | 2600-000 | NA | $4,061.91 | $4,061.91 | $4,061.91 |
| The Bank of New York Mellon | 2600-000 | NA | $50.00 | $50.00 | $50.00 |
| U.S. Bankruptcy Court Clerk | 2700-000 | NA | $700.00 | $700.00 | $700.00 |
| _ Kentucky State Treasurer | 2820-000 | NA | $1,225.00 | $1,225.00 | $1,225.00 |
| MARK R. LITTLE, Attorney for Trustee | 3110-000 | NA | $65,161.25 | $65,161.25 | $65,161.25 |
| MARK R. LITTLE, Attorney for Trustee | 3120-000 | NA | $1,607.47 | $1,607.47 | $1,709.39 |
| _ Rodefer Moss & CO, PLLC, Accountant for Trustee | 3410-000 | NA | $17,825.00 | $17,825.00 | $17,825.00 |
| Piranha Mobile Shredding, Other Professional | 3991-000 | NA | $850.50 | $850.50 | $850.50 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | NA | $172,290.89 | $172,290.89 | $172,392.81 |

### EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES
NONE

### EXHIBIT 6 – PRIORITY UNSECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|

| 5P | Commonwealth of KY Department of Revenue | 5800-000 | $142,703.91 | $60,213.12 | $60,213.12 | $60,213.12 |
|---|---|---|---|---|---|---|
| 14P | Arkansas Department of Finance & Administration | 5800-000 | $0.00 | $1,047.68 | $1,047.68 | $1,047.68 |
| 15P | MISSOURI DEPARTMENT OF REVENUE | 5800-000 | $0.00 | $240.78 | $0.00 | $0.00 |
| 19P | West Virginia State Tax Department | 5800-000 | $0.00 | $83.98 | $83.98 | $83.98 |
| 21P | North Carolina Department of Revenue | 5800-000 | $0.00 | $2,915.30 | $2,915.30 | $2,915.30 |
| 29 | Franchise Tax Board | 5800-000 | $0.00 | $4,203.76 | $4,203.76 | $4,203.76 |
| 30 | State of California | 5800-000 | $0.00 | $3,035.15 | $0.00 | $0.00 |
| 32 | Tennessee Department of Revenue | 5800-000 | $0.00 | $907.93 | $907.93 | $907.93 |
| 33 | State of California | 5800-000 | $0.00 | $4,619.83 | $0.00 | $0.00 |
| 35 | State of California | 5800-000 | $0.00 | $6,106.82 | $0.00 | $0.00 |
| 36 | Department of the Treasury - Internal Revenue Service | 5800-000 | $0.00 | $0.00 | $0.00 | $0.00 |
| 37 | Illinois Department of Revenue | 5800-000 | $0.00 | $93.00 | $93.00 | $93.00 |
| **TOTAL PRIORITY UNSECURED CLAIMS** | | | **$142,703.91** | **$83,467.35** | **$69,464.77** | **$69,464.77** |

## EXHIBIT 7 – GENERAL UNSECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1 | US Bank NA dba US Bank Equipment Finance | 7100-000 | $0.00 | $354,757.83 | $354,757.83 | $1,469.49 |
| 2U | Wells Fargo Financial Leasing, Inc. | 7100-000 | $0.00 | $170,977.71 | $170,977.71 | $708.23 |
| 3 | United Parcel Service | 7100-000 | $0.00 | $20,304.48 | $20,304.48 | $0.00 |
| _ | U.S. Bankruptcy Court | 7100-001 | $0.00 | $0.00 | $0.00 | $84.11 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Clerk (Claim No. 3; United Parcel Service) | | | | | |
| 4 | FedEx TechConnect, Inc. | 7100-000 | $151,433.23 | $406,151.92 | $406,151.92 | $1,682.37 |
| 5U | Commonwealth of KY Department of Revenue | 7300-000 | $0.00 | $164,117.46 | $164,117.46 | $0.00 |
| 6 | ROBERT H WALDSCHMIDT, TRUSTEE FOR BANKRUPTCY ESTATE OF COLLEGE BOOK RENTAL LLC (Case No. 12-09130-MH | 7100-000 | $0.00 | $20,121,792.54 | $20,121,792.54 | $83,348.95 |
| 7 | Bass, Berry & Sims, PLC | 7100-000 | $0.00 | $6,778.62 | $0.00 | $0.00 |
| 8 | University of Oregon Bookstore | 7100-000 | $12,138.04 | $12,849.77 | $12,849.77 | $53.23 |
| 9 | Eva M. Lemeh, Trustee | 7100-000 | $0.00 | $5,183,318.73 | $0.00 | $0.00 |
| 10 | Bookoodles, LLC | 7100-000 | $0.00 | $1.00 | $0.00 | $0.00 |
| 13 | Textbook Solutions, Inc | 7100-000 | $78,512.18 | $8,544.43 | $0.00 | $0.00 |
| 14U | Arkansas Department of Finance & Administration | 7300-000 | $0.00 | $334.60 | $334.60 | $0.00 |
| 15U | MISSOURI DEPARTMENT OF REVENUE | 7300-000 | $0.00 | $11.85 | $0.00 | $0.00 |
| 16 | GreatAmerica Financial Services Corporation f/k/a GreatAmerica Leasing Corp. | 7100-000 | $219.77 | $3,558.30 | $3,558.30 | $14.74 |
| 17 | Waubonsee Community College | 7100-000 | $0.00 | $2,137.67 | $2,137.67 | $8.85 |
| 18 | Athens Paper Company | 7100-000 | $44,966.74 | $155,995.87 | $155,995.87 | $646.17 |
| 19U | West Virginia State Tax Department | 7300-000 | $0.00 | $6.00 | $6.00 | $0.00 |
| 20 | Aztec Shops Ltd. | 7100-000 | $8,079.18 | $8,079.18 | $8,079.18 | $33.47 |
| 21U | North Carolina Department of Revenue | 7300-000 | $0.00 | $98.81 | $98.81 | $0.00 |

| 22 | Cengage Learning, Inc. | 7100-000 | $0.00 | $13,200,000.00 | $13,200,000.00 | $54,677.34 |
|---|---|---|---|---|---|---|
| 23 | Elsevier LTD. | 7100-000 | $0.00 | $450,000.00 | $450,000.00 | $1,864.00 |
| 24 | John Wiley & Sons, Inc. | 7100-000 | $0.00 | $1,500,000.00 | $1,500,000.00 | $6,213.33 |
| 25 | The McGraw-Hill Companies, Inc. | 7100-000 | $0.00 | $37,200,000.00 | $37,200,000.00 | $154,090.70 |
| 26 | Pearson Education, Inc. | 7100-000 | $0.00 | $19,950,000.00 | $19,950,000.00 | $82,637.35 |
| 27 | Weber State University-Campus Stores | 7100-000 | $0.00 | $246.11 | $246.11 | $0.00 |
| | Clerk, US Bankruptcy Court (Claim No. 27; Weber State University-Campus Stores) | 7100-001 | $0.00 | $0.00 | $0.00 | $1.02 |
| 28 | Sealed Air Corporation | 7100-000 | $0.00 | $19,345.00 | $0.00 | $0.00 |
| 31 | University of Oregon Bookstore | 7200-000 | $0.00 | $12,849.77 | $0.00 | $0.00 |
| 32U | Tennessee Department of Revenue | 7300-000 | $0.00 | $49.00 | $49.00 | $0.00 |
| 34 | Kraftees Collegetown | 7200-000 | $7,905.63 | $5,250.31 | $0.00 | $0.00 |
| 37U | IL Dept of Revenue Bankruptcy Section | 7300-000 | $0.00 | $11.16 | $11.16 | $0.00 |
| | Air Hydro Power | 7100-000 | $658.62 | $0.00 | $0.00 | $0.00 |
| | Albris-Monsoon Commerce | 7100-000 | $18,433.83 | $0.00 | $0.00 | $0.00 |
| | Alexander, Thompson Arnold, PLLC | 7100-000 | $33,367.00 | $0.00 | $0.00 | $0.00 |
| | American Express American Express Special Research | 7100-000 | $116,390.00 | $0.00 | $0.00 | $0.00 |
| | AT&T | 7100-000 | $3,750.32 | $0.00 | $0.00 | $0.00 |
| | AT&T Mobility | 7100-000 | $9,426.00 | $0.00 | $0.00 | $0.00 |
| | AT&T Mobility | 7100-000 | $12,074.65 | $0.00 | $0.00 | $0.00 |
| | Black Equipment Co.,INC | 7100-000 | $102.32 | $0.00 | $0.00 | $0.00 |
| | CDW Direct | 7100-000 | $3,488.46 | $0.00 | $0.00 | $0.00 |
| | Chegg, Inc. | 7100-000 | $892,985.60 | $0.00 | $0.00 | $0.00 |
| | Cooper Container Corp II | 7100-000 | $8,770.55 | $0.00 | $0.00 | $0.00 |
| | EdMap College | 7100-000 | $11,575.67 | $0.00 | $0.00 | $0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Bookstore | | | | | |
| | Gray College Bookstore | 7100-000 | $10,091.00 | $0.00 | $0.00 | $0.00 |
| | Kansas Union Bookstore | 7100-000 | $15,448.25 | $0.00 | $0.00 | $0.00 |
| | Murray Mold & Die | 7100-000 | $6,450.00 | $0.00 | $0.00 | $0.00 |
| | National Assoc. of College Stores | 7100-000 | $12,840.00 | $0.00 | $0.00 | $0.00 |
| | Progressive Business Publications | 7100-000 | $299.00 | $0.00 | $0.00 | $0.00 |
| | Rick's Electric, Inc. | 7100-000 | $18,000.00 | $0.00 | $0.00 | $0.00 |
| | RR Bowker | 7100-000 | $29,700.00 | $0.00 | $0.00 | $0.00 |
| | University College Books, Inc. | 7100-000 | $12,138.04 | $0.00 | $0.00 | $0.00 |
| | VAR Resources, Inc. | 7100-000 | $25,381.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | $1,544,625.08 | $98,957,568.12 | $93,721,468.41 | $387,533.35 |

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    1              Exhibit 8

| Case No.: | 12-50954-THF | | Trustee Name: | Mark R. Little |
|---|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | §341(a) Meeting Date: | 12/06/2012 |
| | | | Claims Bar Date: | 09/16/2013 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | | |
| 1 | Commercial building located at 333 U.S. Hwy 641 N., Murray, KY 42071 | $1,000,000.00 | $0.00 | OA | $150,000.00 | FA |
| Asset Notes: | 12/3/2012 order entered to rent warehouse, doc #19. | | | | | |
| | 4/4/2013 order entered on supplemental agreement to rent warehouse, doc #73. | | | | | |
| | 8/26/14 order entered granting MRS, doc #128. | | | | | |
| 2 | Land contract for property in Hickory, KY - Commercial building. Approx. 200,000 | Unknown | $125,988.46 | | $109,388.76 | FA |
| Asset Notes: | This property was under land contract at the time of the bankruptcy filing. | | | | | |
| | Payments are being made to estate. Buyer purchased for $232,000, at 6% interest, 12/29/2009 with downpayment of $40,000. Payments $2804.84/mo. | | | | | |
| | Per prior agreement with Counsel for the lien holder, David Griffin, as of 1/1/2016 future payments are to go to the lien holder. | | | | | |
| 3 | 2011 Mercedes Benz GL550 | $48,775.00 | $0.00 | | $0.00 | FA |
| 4 | Computer equipment and server | $10,000.00 | $10,000.00 | OA | $0.00 | FA |
| Asset Notes: | 12/18/2012 order entered to abandon, doc #22. | | | | | |
| 5 | conveyor system | $250,000.00 | $0.00 | | $0.00 | FA |
| Asset Notes: | Asset under blanket lien. | | | | | |
| 6 | forklifts | $15,000.00 | $0.00 | | $0.00 | FA |
| Asset Notes: | Assets under blanket lien. | | | | | |
| 7 | Packing machines | $100,000.00 | $0.00 | | $0.00 | FA |
| Asset Notes: | Assets under blanket lien. | | | | | |
| 8 | Misc office furnishings and supplies | $25,000.00 | $0.00 | | $0.00 | FA |
| Asset Notes: | Assets under blanket lien. | | | | | |
| 9 | Shelving units | $150,000.00 | $2,000.00 | | $2,000.00 | FA |
| Asset Notes: | The shelving units grossly over valued by debtor. | | | | | |
| | 4/4/2013 order entered to purchase shelving, doc #73. | | | | | |
| 10 | Computer data center located at 306 Andrus Drive, Murray, KY 2071 | $1,200,000.00 | $0.00 | OA | $0.00 | FA |
| Asset Notes: | 3/25/2013 order entered on MRS & to abandon computer servers and software Wells Fargo, doc #63. | | | | | |
| 11 | Prioritypak automated packaging system and accessories sn PP08005e-01 | Unknown | $0.00 | | $0.00 | FA |
| Asset Notes: | Asset under blanket lien. Value is estimated. | | | | | |
| 12 | Amart Move Equpment Conveyor System | Unknown | $0.00 | | $0.00 | FA |

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    2        Exhibit 8

| Case No.: | 12-50954-THF | | | Trustee Name: | | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | | Date Filed (f) or Converted (c): | | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | | §341(a) Meeting Date: | | 12/06/2012 |
| | | | | Claims Bar Date: | | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| **Asset Notes:**   Asset under blanket lien. | | | | | |
| **Ref. #** | | | | | |
| 13    8 - MC9090-G Symbol Wireless gun terminal; 8-MC90980 USB starter kits; 2 Symbold MC9090 USB starter kit; 2 Symbol MC9090-G Wireless gun terminal | Unknown | $0.00 | | $0.00 | FA |
| **Asset Notes:**    Value is estimate taken from online search for values. Asset under blanket lien. | | | | | |
| 14    New and used textbooks | $3,000,000.00 | $5,000.00 | | $5,000.00 | FA |
| **Asset Notes:**    4/4/2013 order entered to liquidate, doc #73. | | | | | |
| 15    webuytextbooks web site | $500,000.00 | $500,000.00 | | $7,500.00 | FA |
| **Asset Notes:**    Unable to verify value claimed by debtor. 5/14/2013 filed expedited motion to sell for $7500 before the domain expired, doc #78. 5/30/2013 order entered to sell, doc #83. | | | | | |
| 16    bunchesw of books.com web site | $50,000.00 | $50,000.00 | | $0.00 | FA |
| **Asset Notes:**    When SE Book filed bankruptcy, Bunches of Books, a web based sub-unit ceased to exist. Therefore, no asset. | | | | | |
| 17    lastbooks.com - web site | $25,000.00 | $25,000.00 | | $0.00 | FA |
| **Asset Notes:**    Trustee unable to verify this website exists for this company. There is a similar website in Australia. | | | | | |
| 18    textbooklink.com - web site | $25,000.00 | $25,000.00 | | $0.00 | FA |
| **Asset Notes:**    11/20/2014 the Trustee does not have a buyer. There appears to be no interest. | | | | | |
| 19    logitext - software | $1,000,000.00 | $1,000,000.00 | | $0.00 | FA |
| **Asset Notes:**    1/15/2016 unable to locate software. Due to technological advances in the past 3 years, this software has probably become obsolete. Therefore, no asset. | | | | | |
| 20    VOID | $0.00 | $0.00 | | $0.00 | FA |
| **Asset Notes:**    This is not an asset. It was pulled in from Schedule D due to BMS computer program error. | | | | | |
| 21    Accounts Receivable            (u) | $0.00 | $13,601.55 | | $13,601.55 | FA |
| **Asset Notes:**    Amount collected at discovery and deposited. 1/16/15 any remaining accounts to be recovered are listed in the AP. | | | | | |
| 22    Bank Accounts            (u) | $0.00 | $49,823.43 | | $49,823.43 | FA |
| **Asset Notes:**    1/10/2013 order entered to close business bank account at CFSB, doc #32. | | | | | |
| 23    Potential preference/faudulent transfer            (u) | $0.00 | $1,070,000.00 | | $0.00 | FA |
| **Asset Notes:**    2/20/15 negotiated agreed settlement on this asset. Griffin to pay a total of  $2M as part of the sister company, Blackrock settlement, asset #38. | | | | | |

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**                                 Page No:    3              Exhibit 8
**ASSET CASES**

| Case No.: | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | §341(a) Meeting Date: | 12/06/2012 |
| | | Claims Bar Date: | 09/16/2013 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 24 | Great Dane semi-trailer VIN# XX5605, Great Dane semi-trailer VIN# XX8278, Waba semi-trailer VIN# XX4156, Waba semi-trailer VIN# XX3762, Waba semi-trailer VIN# XX3702, Waba semi-trailer VIN# XX4036 **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:** | Assets were discovered after 21 tax notices were received from Calloway County Clerk. Locations of 21 trailers are unknown. Assets are under blanket lien. | | | | | |
| | 9/26/2013 order entered for sale of Great Dane trailer, doc #96. | | | | | |
| | 10/24/2014 Great Dane trailer not sold. It's purchase was contingent on buyer purchasing the used computer equipment and parts which did not occur. | | | | | |
| 25 | FedEx recovery under AP **(u)** | $0.00 | $62,466.75 | | $8,500.00 | FA |
| **Asset Notes:** | 2/9/2015 order entered granting settlement. AP 14-05026, doc #63. | | | | | |
| 26 | CDW recovery under AP **(u)** | $0.00 | $27,270.00 | | $13,635.00 | FA |
| **Asset Notes:** | 2/13/2015 agreed settlement entered AP 14-05026, doc #66. | | | | | |
| 27 | Indaba Systems, LLC-recovery under AP **(u)** | $0.00 | $110,000.00 | | $110,000.00 | FA |
| **Asset Notes:** | 7/21/2015 5 Order entered granting agreed settlement AP 14-05026 doc #94. | | | | | |
| 28 | BV Card Assets-recovery under AP **(u)** | $0.00 | $24,000.00 | | $0.00 | FA |
| **Asset Notes:** | Account belonged to Charles Jones and not SE Book Co. | | | | | |
| 29 | VAR Resources-recovery under AP **(u)** | $0.00 | $8,785.46 | | $0.00 | FA |
| **Asset Notes:** | 1/23/2015 Party dismissed from AP-14-05026 as payment was for purchase of equipment and was secured, doc #48. | | | | | |
| 30 | SEO Manipulator-recovery under AP **(u)** | $0.00 | $15,000.00 | | $0.00 | FA |
| **Asset Notes:** | Discovered company was dissolved Sept. 2014. Thereby no longer an asset for the estate. | | | | | |
| | 11/16/2015 Order entered dismissing party from AP 14-05026, doc #106. | | | | | |
| 31 | Apremio Consulting-recovery under AP **(u)** | $0.00 | $40,570.64 | | $1,500.00 | FA |
| **Asset Notes:** | 5/27/15 order entered approving settlement AP 14-05026, doc #83. | | | | | |
| 32 | Carolina Internet, LTD **(u)** | $0.00 | $37,028.50 | | $0.00 | FA |
| **Asset Notes:** | 12/29/2016 order and judgment entered, doc #145 under AP 14-05026. | | | | | |
| | 8/13/2018 Collection agency unable to collect. FA asset. | | | | | |
| 33 | VOID | $0.00 | $0.00 | | $0.00 | FA |
| 34 | Charles (Chuck) Jones-recovery under AP **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:** | 3/29/2017 Debtor granted discharge in his bankruptcy 16-50252, doc #156. | | | | | |
| 35 | Planters Bank-recover under AP **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:** | All payments made to Planters Bank were for secured loans. | | | | | |

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:   4        Exhibit 8

| Case No.: | 12-50954-THF | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | §341(a) Meeting Date: | 12/06/2012 |
| | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

| | | | | | |
|---|---|---|---|---|---|
| 2/4/2015 order filed granting dismissal of party, AP 14-05026, doc #60. | | | | | |
| **Ref. #** | | | | | |
| 36   AMEX-recovery under AP                                        **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   All payments to AMEX were outside pref. period. | | | | | |
| 1/23/2015 order entered granting dismissal of party, AP 14-05026, doc #46. | | | | | |
| 37   US Bancorp d/b/a US Equipment Finance-recovery under AP       **(u)** | $0.00 | $17,592.00 | | $0.00 | FA |
| **Asset Notes:**   All payments were on secured loans. | | | | | |
| 1/26/2015 order filed granting dismissal of party, AP 14-05026 doc #54. | | | | | |
| 38   Blackrock Investments-recovery under AP.                     **(u)** | $0.00 | $100,000.00 | | $0.00 | FA |
| **Asset Notes:**   This asset is linked to asset #55 which contains the funds recovered from Griffin under the agreed settlement brought under the AP by College Book Rental in Nashville, TN. as they had a superior security interest. | | | | | |
| 39   CA Jones Management Group-recovery under AP                   **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 40   Technology Associates a/k/a Productive Edge-recovery under AP  **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 41   CIK Capital-recovery under AP                                 **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 42   CA Jones Inc. /Vintage Rose Emporium-recovery under AP        **(u)** | $1.00 | $1.00 | | | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 43   Jones-Latimer, LLC d/b/a/ Elements Home Gifts, Etc.-recovery  under AP  **(u)** | $0.00 | $4,077.82 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 44   Butcher Block, LLC a/k/a All in Good Spirits-recovery under AP **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   Insider transactions. | | | | | |
| 7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 45   Coursey Family Trust a/k/a Coursey Family Partnership, LTD-recovery under AP.  **(u)** | $0.00 | $1.00 | | $0.00 | FA |

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:   5        Exhibit 8

| | | |
|---|---|---|
| Case No.: | 12-50954-THF | |
| Case Name: | SE BOOK COMPANY, LLC | |
| For the Period Ending: | 5/4/2019 | |

| | | |
|---|---|---|
| Trustee Name: | Mark R. Little | |
| Date Filed (f) or Converted (c): | 10/27/2012 (f) | |
| §341(a) Meeting Date: | 12/06/2012 | |
| Claims Bar Date: | 09/16/2013 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| **Ref. #** | | | | | |
| 46   Sarah Jones-recovery under AP                    **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 47   Adolph Jones-recovery under AP                   **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 48   Barbara Jones- recovery under AP                 **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 49   Amanda Coursey-recovery under AP                 **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing AP, doc #51 | | | | | |
| 50   Wanda Coursey-recovery under AP                  **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   Deceased as of May 2015.   1/6/2016 order entered dismissing her from AP 14-05025, doc #36. | | | | | |
| 51   Scarlet Orr-recovery under AP                    **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing party from AP, doc #51 | | | | | |
| 52   Scott Wright-recovery under AP                   **(u)** | $0.00 | $1.00 | | $0.00 | FA |
| **Asset Notes:**   7/24/2017 Order entered dismissing party from AP, doc #51 | | | | | |
| 53   Wells Fargo recovery of preference payments.     **(u)** | $0.00 | $9,790.00 | | $2,000.00 | FA |
| **Asset Notes:**   12/4/2018 order entered granting settlement, doc #320. | | | | | |
| 54   VOID | $0.00 | $0.00 | | $0.00 | FA |
| **Asset Notes:**   2/1/15 motion to approve settlement filed (amount is full amount of pref pmt). | | | | | |
| 55   Recovery of preference payments from David Griffin.   **(u)** | $0.00 | $200,000.00 | | $156,442.19 | FA |
| **Asset Notes:**   2/2015 agreed order entered un AP in Nashville, TN whereby Blackrock will withdraw claim and include SEB in preference action against Griffin. Agreed compromise to settle AP.   3/4/2015 order entered approving settlement Nashville, TN AP 13-90439, ECF #152. | | | | | |

TOTALS (Excluding unknown value)

$7,398,776.00        $3,533,011.61                $629,390.93

**Gross Value of Remaining Assets**
$0.00

**Major Activities affecting case closing:**

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    6        Exhibit 8

| Case No.: | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | §341(a) Meeting Date: | 12/06/2012 |
| | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Sent TDR for review.

Final checks cleared 4/5. Will create TDR with zero bank statement the first of May.

Checks for claims #22-#26 returned as undeliverable. Checked online address. Not the same as the claims filed. Law office relocated and did not amend their claims. Resent checks to address on website.

Voided check #5028 to Receivable Management and issued check to Clerk for unclaimed funds. Filed notice with court.

Received check issued to Receivable Management Services returned as undeliverable for the 2nd time.

Received returned mail on check issued to Receivable Management Services RMS.

Claim #3 was filed in 2012. Found updated address online. Mailed check to updated address.

Order entered approving compensation, doc #325. Issued checks. Filed notice of small dividends.

TFR filed. Objections due by 3/4.

Received request from accounting firm requesting payment of invoice. Issued check. 11/6/2018 the order was entered granting compensation.

Government reopened.

Government shut down 12/22/2018. Will resume administration of case after gov. reopens and TFR is filed with court.

Sent TFR for review.

Order entered on Wells Fargo settlement, doc #320.

Began working on TFR.

Filed reports of sale for the used books, domain name, and shelving units.

Filed motion for settlement with Wells Fargo.

Order entered granting compensation to accountant, doc #312.

Order entered granting payment of LLET tax., doc #311. Check issued.

Tim emailed the state rejected the electronic filing of the tax return. Appears the short year 2018 was not accepted. Will send the paper copy to be signed and mailed.

Filed motion to pay accounting fees for preparation of 2018 tax returns. Objections due by 11/2/2018.

I received a phone call from Jeffrey Dickey form the FCCOIG Office regarding an investigation of Chuck Jones. he wanted to know what information and documents we had regarding contracts with school systems in Tennessee. I told him most of the documents and information I have are for SE Book and his interest was in Integrated Computer Systems. He already had the Tennessee IG report. He will tell the IG what we have and get back to me if they need it. (202-418-0953). Jeffrey.dickey@fcc.gov. I called Charles Merrill and advised him of the phone call. He told me I should request a subpoena.

Objections to pay LLET tax due by 10/17.

Filed motion to pay 2018 KY LLET tax $175.

Received email notice the federal tax return was accepted.

CPA emailed the federal and state returns have been submitted electronically.

Tim emailed tax returns are ready. He will review by end of next week.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    7          Exhibit 8

| Case No.: | 12-50954-THF | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | §341(a) Meeting Date: | 12/06/2012 |
| | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Emailed Rudy Schatzmann at collection agency Altus Global. Due to timelines, the information received regarding the assets of Carolina Internet, and their difficulty finding the owner and collecting the judgment the Trustee will no longer pursue and is pulling it back.

Rudy replied he understood.

Created spreadsheets and sent info to CPA for preparation of final tax return.

Rudy emailed still having difficulty getting defendant served. Did find out that an eviction notice had been issued which is never a good sign. Requested to wait to end of month before deciding to abandon.

Will reassess collection of judgment around 7/30 and whether or not to abandon.

Update from Rudy at Altus:

Things appear to have gone from bad to worse on this case.

Unfortunately the Sherriff has been unsuccessful at locating this debtor for service of process. According to the attorney, per the clerk of the court, there are now several actions pending against this debtor, but they appear to have vanished.

Worse yet their phones are all disconnected and there is no good available information available for them anywhere.

They are still trying, but it doesn't look so good. I wish I had better news.

Replied asking if he recommends abandoning collection efforts.

Rudy replied the Sheriff is going to try again. Advised waiting a week or two.

Update from Altus on collection effort. No success of date.

I met with Charles Merrill in his office to discuss the proofs of claims filed by the Publishers. I explained the issue regarding the willful nature of the copyright violations and whether I should object to them. Charles suggested the cost of objecting to the proofs of claim and the reduced money with which to pay creditors was not cost effective. He agreed I should not object to the claims and pay them as filed.

Order entered for distribution to priority claim #29, doc #305.

Checks issued on priority claims.

Order entered granting payment to priority claims, doc #304.

Rudy replied the judgment is out in the field. Unless the defendants response is filed quickly he does not expect to hear anything til closer to the end of the month. The court advanced it 45 days.

Emailed Rudy with Altus for status update on recovery of judgment.

Under advisement for telephonic status hearing on motion to reduce disputed claims.

Filed motion to pay priority claim #29.

Objections to claims #22, 23, 24, 25, 26 due by 6/18.

Objection to motion due by 6/6.

Spoke to Brad Salyer about trying to settle the copyright claim issue. He agrees Judge Fulton will put a lot of pressure for the parties to settle this issue. He warned his client Judge Fulton will delay hearing the case to encourage the parties to settle. He warned his clients of this issue with Judge Fulton. Sent email to Bob Waldschmidt discussing how the motion will go next week. I told him Judge Fulton may not hear much argument and set it for an evidentiary hearing in July 2018.

Filed motion to pay interim distribution on priority claims.

FORM 1

### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page No:    8          Exhibit 8

| Case No.: | 12-50954-THF |
|---|---|
| Case Name: | SE BOOK COMPANY, LLC |
| For the Period Ending: | 5/4/2019 |

| Trustee Name: | Mark R. Little |
|---|---|
| Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| §341(a) Meeting Date: | 12/06/2012 |
| Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Kerry Mustico replied the $1,000 offer is too low to consider. Wrote CBR order does not have preclusive effect on SEB claims. They are confident in their position and if loses, will appeal to District Court.

Bob replied Tom Pennington represents Griffin.

I sent an email to Brad and Kerry for McGraw-Hill and suggested agreeing to $1000.00 per copyright.  I will see what they say in response.

Sent email to Bob Waldschmidt asking to whom I should make such an offer.

Sent email to Gary Grimes asking if he sees any problems with selling the company for the NOL.

Called bob Waldschmidt regarding his objection to the McGraw-Hill objection and a possible resolution.  He proposed playing good cop and bad cop.  McGraw-Hill believe Bob kept me from agreeing to $1500 per violation this last fall.  He suggested and I agreed to propose an offer to them to settle this. Bob suggested offering $1500 per copyright. I suggested starting at $1000 and going up.  He agreed.

Bob Waldschmidt filed objection to dismissal of claims #22,23,24,25,26.

Received update from Schatzmann on Carolina Internet. The Petition to Register a Foreign Judgment was mailed to the clerk and is in the field for service now as well. He wrote should know something by 5/16 at the latest.

Order entered granting extension of time.

Agreed order btwn Bob Waldschmidt and Brad Salyer to extend time to 5/2/2018 to respond to motion to reduce amount of claims.

Order entered granting compensation to CPA, doc #281.

Issued check to CPA.

Received electronic notice the 2017 KY LLET return was accepted.

Bob Waldschmidt filed motion to disallow publishers' claims, #22-#26. Objections due by 4/4/18.

Printed affidavit required by NC court for Trustee's signature.

Rudy emailed the NC court is requesting an affidavit be signed by the Trustee re: judgment.

Received electronic notice the 2017 federal tax return was accepted.

Withdrew objections to claims rather than extend time again.

Will file new objection to claims of publishers.

Received invoice for preparation of 2017 tax returns $1,550. Filed motion to pay. Objections due by 3/8.

Rudy emailed asking if the exemplified copy of the judgment had been sent. Replied the attorney should have it by now. He responded will check.

Order entered granting payment KDR LLET taxes for 2017 $175, doc #271. Issued check.

Emailed to CPA signed e-file forms.

Filed motion to pay 2017 KY LLET tax $175.

Received 2017 tax returns.

Ordered certified copy of judgment on Carolina Internet as required by NC court. To be mailed to local attorney in Mathews, NC.

Order entered granting extension on response by publishers to objections to claims 2/12/2018.

Sent to CPA detailed spreadsheet, Form 2 for 2017, and the December bank statement for the preparation of tax returns for the year 2017.

Order entered granting extension of time to 1/29/2018 for publishers to respond to objections of claims, doc #267.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No: 9        Exhibit 8

| | | | | | |
|---|---|---|---|---|---|
| Case No.: | 12-50954-THF | | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | | §341(a) Meeting Date: | 12/06/2012 |
| | | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Rudy with Altus emailed the local attorney may require an exemplified copy of the judgment. Emailed Rudy the .pdf of the order entered by the court. Advised if the local attorney has previously dealt with bankruptcy cases that should be sufficient.

Returned call to Rudy. He wants to consider domesticating the action in NC court. Seizing the bank account(s) and funds. He will check with their atty in NC. He believes the filing fee would be no greater than $700. Asked if we knew of any bank accts. Reminded Rudy the info would be 5 years old. He said the fee would be 35% to litigate and they would pay the atty out of the 35%.

Sent email with information on 3 bank accts.

Rudolph Schatzmann with Altus requested a phone call.

Order entered vacating POCS 22,23,24,25,26. Deadline extended to 1/8/2018.

Order entered granting compensation to Piranha, doc #258.

Orders entered disallowing POC #22, 23, 24, 25, 26. Bradley emailed asking to the middle of January and to vacate orders. Agreed.

Filed motion to pay Piranha for destruction of documents.

Kerry requites another extension of time on the deadline of time to submit response to the objections to POCs. He requested the mid-January.

I agreed to expend the deadline past the holidays until I can figure out my response.

Sent email for update on status of collection action against Carolina Internet.

Rudy with Altus replied they are having difficulty. Their PI went to the business. Carolina Internet has moved left owing the landlord in excess of $1.2M in back rent. He found the new location. However, when he got there the lights were off and door locked. Neighboring tenants said Carolina is rarely there. They will continue to investigate but if cannot find assets may not want to domesticate locally.

Order entered granting motion to extend time to object to POC to 12/5.

String of emails with Kerry Mustico representing publisher's claims.

Sent exhibits including sworn testimony and briefs from numerous parties re: Griffin-Jones companies chop-shop scheme to infringe copyrights and trademarks.

"As Matt mentioned on the phone, the Publishers would prefer to resolve their claims with you and are willing to limit the claims to $30,000 per work or $14,460,000 in total. If we cannot resolve the amount of the claims allowed, the Publishers intend to pursue the full amount claimed for willful infringement."

Replied asking why?

Kerry replied ..."at the very least the Publishers are entitled to the maximum for NON-willfulness, which is $30,000 per work. Judge Harrison's opinion explicitly says that Chuck Jones and his "network of companies" "perpetrated the scheme." She implicitly, if not explicitly, found willfulness. Judge Harrison was wrong in disregarding that finding of willfulness, requiring proof of actual damages (e.g., CBR's particular profit) despite holding that Publishers' are entitled to statutory damages, and ignoring the fact that the infringers are jointly and severally liable. "

Rudy with Altus said they have made a demand on Carolina Internet. They are giving them an opportunity to work toward a resolution by either paying and arriving at a settlement.

Conducted a conference call with McGraw Hill regarding their proof of claim. They want statutory damages in the amount of $30,000 per title by agreement or they will assert $150,000 in damages per title. I discussed with them my need to be able to verify the validity of their claim. I was not asking them to spend a lot of time but I needed some thing with which I can justify paying their claim.

Agreed to extend deadline for responding to the objection to the POC to Nov 21, 2017. Sent email with additional times I can discuss the case over the telephone.

Received email from Maurice Bailey. He is interested in purchasing the judgment. Replied the estate has employed Altus to assist in collection and forwarded same to Altus.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No.: | 12-50954-THF | | | Trustee Name: | Mark R. Little |
|---|---|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | | §341(a) Meeting Date: | 12/06/2012 |
| | | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Brad emailed asking to set up phone conference to discuss 3 POCs.

Spoke with Rudy verifying contact info and location for Carolina Internet. They will start the collection process this afternoon.

Order entered granting employment of Altus Global, doc #252. Sent email with order to Altus.

Ended lease with U Lock It Storage on storage unit #125.

Oversaw remaining boxes removed from storage to truck. Truck locked and in route to Piranha

Orders entered disallowing claims #35, 34, 33, 30, 28, 15, 13, 10, 7; doc #243 - #251.

Order entered granting extension of time to respond to objections to certain claims to 10/30.

Met Piranha Mobile Shredding at storage unit. Oversaw transfer of documents to truck. After which, the truck was locked and they departed on route to facility. They will return on Thursday to remove the remaining boxes.

Agreed motion filed to extend time for POCs to 10/30.

Emailed Brad agreeing to 20 day extension to end of month, 10/30, on objections to claims.

Filed motion to employ Altus Global Trade Solutions to collect judgment against Carolina Internet. Objections due by 10/19.

Sent email to Brad Salyer and offered a 10 day extension.

Spoke with Rudy Schatzmann, agent for Altus. They are interested in attempting the judgment. Gathered information, drafted the employment agreement and affidavit of disinterestedness and sent to him for review. Agent to sign is Bryan Clancy.

Phone # for Rudy 800-509-6060, ext. 1122.

At NABT in New Orleans, met representative of a company which tries to collect judgments, Altus Global Trade Solutions. He was interested and would like to review the judgment against Carolina Internet. Sent email with order of judgment attached.

Spoke with Craig in scheduling at Piranha. He said may take 2 trips depending on sizes of boxes. Scheduled for 10/10 & 10/12 am.

Order entered granting compensation to attorney, doc #238.

Order entered granting permission to destroy documents, doc #237.

Order entered granting employment of Piranha Mobile Shredding, doc #236.

Replied:

"I have $83,374 I priority claims, $92,979,326.00 unsecured claims of which College Book Rental has an allowed claim of $19,509,599.00. The $92,979,326 include the claims of yours to which I objected. I have less than $500,00 to pay out. These are rough estimates."

Brad emailed asking how much the estate had recovered. His 5 book publishing companies want to know before expending time and funds to proceed against objections.

No parties are interested in the judgment. Apparently the amount is too low. In the interest of finally resolving this case, will not pursue.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| Case No.: | 12-50954-THF | | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | | §341(a) Meeting Date: | 12/06/2012 |
| | | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Sent email to Bob Waldschmit regarding the POC's filed by the book companies:

We are in the final throes of the SE Book Company, LLC case. We are addressing the various proofs of claims filed. Claims #21 through #26 represent the claims filed by Cengage Learning Inc., Wiley & Sons, Inc., Elsevier, Ltd., and McGraw-Hill Global Education Holdings, LLC. I read Judge Harrison's decision in CBR's case based on your objections. I followed her reasoning pretty well. I must now object to these proofs of claims as there is no documentation supporting their claim. (Ironically, the POC's were filed by Brad Salyer of Morgan & Pottinger who was just appointed the new chapter 7 Trustee for Owensboro in September of this year.) In reasoning my way through these claims, based on Judge Harrison's decisions, it seems to me the total amount to be allowed for all of these claims is $361,500.00. It will be up to the creditors to calculate the amount for each creditor. Am I on the right track with my analysis? Further, have you paid any of these claims from CBR? If not, then their claims should be reduced by the amount they receive from SEB. Your sage analysis please.

Filed objections to additional POC's specifically 22,23,24,25,and 26. Objections due October 10, 2017

Filed objections/orders to 9 POCs. Objections due by 10/10.

Reviewed 36 POCs. Made list of claims of which to object. Made list of claims for the Trustee to specifically address.

Have received 3 declinations on judgment. No offers yet. 2 were not interested in buying judgments at this time. The other said the amount was too low.

Reviewed list of purchasers of assets and sent 17 emails on selling the judgment against Carolina Internet.

Filed amended application for compensation containing more detail as requested by John Stonitsch.

Filed motions to hire Piranha Mobile Shredding and to destroy documents. Objections due by 9/13.

Filed motion to pay attorney's compensation. Objections due by 9/13.

Mamie with Piranha responded the cost is $0.15/lb. If there are 500 boxes at 50 lbs. each, estimated cost $3,750.

Drafted affidavit of disinterestedness and employment agreement and sent to Mamie Custer at Piranha Mobile Shredding.

Sent attorney's time report and expense to John Stonitsch for review prior to filing motion to approve compensation.

Sent email to Piranha Shredding requesting estimated cost to shred docs and to whom to send the affidavit of disinterestedness.

Drafted motion for permission to destroy paper records.

Order entered dismissing AP, doc #51 under AP.

Sent email to Bob Waldschmit asking for his opinion regarding the dale of the causes of actions against Jones et. al.

Sent an update of the case in light of the 24 month report filed by the Court. I sent ti both Tyler and John Stonitch.

Received a phone call from Tom Pennington regarding the motion to dismiss the AP. I explained to him as a result of the Jone's discharge, I did not believe I could recover against the other Defendants as Jones will now say he kept all of the money and he is now discharged. They understood my opinion I did not think it was cost effective to spend more money form the unsecured creditors funds to chase Jones without any real prospect of recovery. They mentioned they will consider if they want to purchase the Trustee's causes of action against Jones. I have my doubts whether they can purchase it because of champerty They will review and advise before the deadline..

Motion filed to dismiss AP 14-05025. Objections due by 7/21.

Received letters from IRS re: tax returns 2013, 2014, and 2015 with notice of removing penalties for late filing of tax returns.

Filed motion to disallow claim #11. Objections due by 6/16.

Received letter from IRS no penalties/interest are due for 2013.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:   12        Exhibit 8

| Case No.: | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | §341(a) Meeting Date: | 12/06/2012 |
| | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

IRS amended their POC to zero.

Thomas Pennington emailed:

"I have attached a copy of Judge Harrison's ruling in the CBR Bankruptcy setting the value of the McGraw Hill Claim at $361,000.

Also, I have looked at the two Proofs of Claim (and verified with David Griffin) that there was only one settlement with Planter's Bank that was executed through SEB Funding, LLC. SEB Funding is the owner and holder of the Planters Bank notes (and the guaranties that David Griffin executed).

The proper claimant is SEB Funding (Claim #12).

Further, after looking at the Deed you sent, it appears that the claim amount should be credited with $775,000.00, being the stated consideration for the transfer of the real property.

Doing so brings the net claim amount down to $10,051,412.81."

Drafted and sent letter to KRD (attn: Marianne) suggesting she amend the proof of claim to include the tangible property tax for 2012.

Called Kelly Pucket at the IRS in Louisville, Kentucky and left message.

Phone number for IRS Insolvency unit is 1-800-973-0424. The agent working the case is Kelley Puckett in Louisville, Ky. Her phone number is 1-502-912-5146.

Sent email to Jeff Greene regarding the duplication of proofs of claims. I also asked him to consider amending the proof of claim to reflect the deficiency balances.

Email sent to Charles Merrill and John Stonitch:

I have a number of adversary proceedings in the SE Book Company, LLC case I filed in October 2014. Judge Fulton put all of the cases on hold after Chuck Jones filed his bankruptcy. The basis for the AP's was the fraudulent transfers orchestrated by Chuck to his subsidiary companies and family members. Since Chuck received his discharge, the other Defendants are now alleging Chuck kept all of the money and putting all of the liability on him as well. It is becoming apparent to me, the odds of my recovering any more money do not justify the estate in spending more money in attorney fees to litigate these claims. I am proposing I file a notice of unsuit in the case stating my intentions to dismiss the AP's and giving all of the parties the opportunity to object. This way, if someone has an objection, I can deal with it in Court.

I have filed all of the tax returns for SE Book Company, LLC (12-50954) and Integrated Computer Services, Inc. (12-50955) and I am waiting for a response from the IRS and KDR. I am reviewing claims and preparing to pay them. I will probably have several objections to the claims. I am contacting the various creditors regarding my objection to all or part of their claims in an attempt to resolve as many as I can without a hearing. Once this task is accomplished, I hope to close out the cases.

I am corresponding with you all because Tyler has a conflict stemming from his private practice. Please review and advise.

Received 2 letters from IRS. Penalty for tax period 12/31/2014 $4,680 and for 12/31/2015 $3,900. Will send response letter.

Order entered granting compensation to CPA.

Issued check to Rodefer Moss & Co.

Checks issued to KDR for years 2012-2016.

Order entered granting payment to Kentucky Department of Revenue, doc #191.

Filed motion to pay KDR $175.00 each for the years of 2012, 2013, 2014, 2015, & 2016 for LLET taxes owed.

2013 & 2014 Federal tax returns sent USPS mail.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    13         Exhibit 8

| Case No.: | 12-50954-THF | | | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | | | §341(a) Meeting Date: | 12/06/2012 |
| | | | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

2015 & 2016 State tax returns filed with KDR and accepted.

2015 & 2016 Federal tax returns filed and accepted.

Received invoice for preparation of Federal and State tax returns for 2012-2016. Filed motion to pay with Court.

Emailed signed e-file signature pages for tax year 2016 to CPA.

CPA emailed the 2014 & 2015 Federal returns were accepted as filed electronically.

Will need to snail mail the 2013 return.

All states returns will need to be mailed USPS.

Emailed CPA the estate will need a 2012 State tax return prepared.

Emails with CPA re: tax returns 2013-2016.

Emailed tax return e-file authorization signature pages to CPA.

Email from Tim and response:

"I think I figured it out. The Kraft memo seemed to indicate that all the data center equipment had been surrendered either in 12 or in 13. So I'm basically treating that debt like it's unsecured. I did notice where they filed a proof of claim for something less than the $650 that's on the balance sheet, I guess that means they were able to sell the computer equipment for something? if you could confirm that that be great. Thanks!"

"The original POC filed 11/28/2012  was for $50,000 secured and $361,291 unsecured. It was a master lease agreement.
The amended POC filed 8/4/2014 was for $354,757.83 unsecured. No secured debt. I have attached the breakdown. Appears they sold assets for $56,533.46.

The order granting relief from stay for US Bank was entered 12/18/2012, doc #22. They could retrieve the equipment any time after that date; it was no longer property of the estate. I hope this date helps.

That POC was pulled into the system twice and I have remedied the problem.

Can you send a copy of the 2012 tax returns from Kraft? We didn't receive those and they may be helpful in the future."

I reviewed an email from Tim Van Cleve regarding the tax returns for SE Boo Company.  I forwarded a copy of this to bob Waldschmidt for his review.  Bob believes the return is in error because there are two separate taxable estate.  I forwarded Bob's input to Tm for his consideration.

I called Tim Van Cleve regarding the issue of cancellation of debt and forgiveness of debt.  He was of the opinion there is no discretion to characterize the debts as other than cancelled. This will involve sending out K-1's to the Trustee's of the pass through entities.

Spoke with Gary Grimes re: tax returns.

Emailed Tim asking for publication or part of code which references counting non-discharged debt as income.

Gathered info, ran reports, updated spreadsheet for tax year 2016 and sent to CPA.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    14        Exhibit 8

| Case No.: | 12-50954-THF |
| Case Name: | SE BOOK COMPANY, LLC |
| For the Period Ending: | 5/4/2019 |

| Trustee Name: | Mark R. Little |
| Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| §341(a) Meeting Date: | 12/06/2012 |
| Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Email from Tim re: corporate tax returns.

Here is an excerpt (with my commentary of how I am interpreting) from IRS Pub 908 – Bankruptcy Tax Guide. I have cut and pasted what I think are the relevant points. I have also pasted in a reference from the AICPA publication The Tax Advisor that quotes relevant case law with regards to when COD income is recognized.

But the short answer to your question is that COD income gets reported to the partners as income, but that income may not be taxable. The partners have to make a determination if they are insolvent or not. If they themselves are insolvent, then the income does not have to be reported on their returns, but they have to disclose how they arrived at the conclusion they were insolvent. In this case, we know both partners are bankrupt, and we are responsible for the ICS returns. ICS will show COD income on its books, but that income will be removed from taxable via a book-tax adjustment on schedule M-1.

The Blackrock folks will have more work to do, though. BR will be allocated COD income, and BR is insolvent by way of their own bankruptcy, but it appears BR is a partnership itself, so it will have to report that COD income "down tier" to its partners who then have to make the determination of their own insolvency to determine if they have to include it in their taxable income or not. If any of BR's partners are also partnerships, the same scenario unfolds for them. That treatment is carried down through as many tiers as necessary to get to an actual taxpayer as opposed to a flow through entity, typically an individual, corporation, trust, or estate.

Researched and answered CPA questions re: discharge of debts and sale of SEB building.

Building was sold 9/29/2014 for $775,000. Sent same to CPA.

Replied debts in a Chapter 7 bankruptcy are not discharged.

Per bankruptcy tax expert, when a pass-through entity is in bankruptcy, if a debt is either discharged or forgiven, or when it is determined that the debt will not be repaid even if there is no discharge, then any of those are considered to be cancellation of indebtedness (COD) income to the entity.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    15          Exhibit 8

| | |
|---|---|
| **Case No.:** 12-50954-THF | **Trustee Name:** Mark R. Little |
| **Case Name:** SE BOOK COMPANY, LLC | **Date Filed (f) or Converted (c):** 10/27/2012 (f) |
| **For the Period Ending:** 5/4/2019 | **§341(a) Meeting Date:** 12/06/2012 |
| | **Claims Bar Date:** 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

More review of documents. Sent email to CPA:

"The only debts for which we can be sure is the proof of claims which were filed. The accurateness of the bankruptcy petition is in question. I have attached a claims analysis report which summarizes the claims which have been filed. The amounts owed on the date of the filing of the claim are alleged by the filers. They will all be reviewed the 1st half of this year for accuracy and an interim distribution made. When the final distribution is made, we will know how much debt is left. There is currently approximately $600,000 in the bank account to distribute. We are trying to recover more under adversary complaints but at this time recovery if any is unknown.

Some claims Mark will be objecting to such as #24, #25, #26 and maybe #22. The claims may be inflated and not the actual amount owed. That will happen sometime the 1st half of this year.

The tax claims should be paid in full.

Claim #9 was money supposedly owed to Blackrock. Upon agreement it was disallowed due to the approved settlement. Griffin ended up paying $100,000 to the estate of SEB to settle the claim.

Claim #11 was subordinated due to an agreed settlement. That may also include #12. They are the same claim but 1 was filed by Griffin and the other by SEB Funding.
Agreed settlement exhibit, Paragraph D states all claims and causes of action alleged should be voluntarily dismissed.
Researching. Mark and I need to discuss the subordination as to whether the entire amount is subordinated or only partially.
Please see attached."

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    16          Exhibit 8

| Case No.: | 12-50954-THF |
| Case Name: | SE BOOK COMPANY, LLC |
| For the Period Ending: | 5/4/2019 |

| Trustee Name: | Mark R. Little |
| Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| §341(a) Meeting Date: | 12/06/2012 |
| Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Email from CPA:

"So here's how it works when a pass-through entity is in bankruptcy, if a debt is either discharged or forgiven, or when it is determined that the debt will not be repaid even if there is no discharge, then any of those are considered to be cancellation of indebtedness (COD) income to the entity. The entity will report those as taxable income and that income will flow through to the entity's members, partners, shareholders or beneficiaries on a K-1. Then each member, partner, shareholder or beneficiary has to determine if they are insolvent or not, for purposes of determining if that COD income will be taxable to them. In this case, it appears that both partners, ICS and Blackrock are also bankrupt, so it should be a non issue for them, but that is their problem, not ours. Our problem is reporting whatever SEB must report as income and/or loss. Note that this may generate some state income taxes, I am not certain how KY handles discharge of indebtedness income, if that is taxed at the partnership level or if it flows to the members just like on the federal side. We will double check that and let you know.

What I think we should do is to report the building as being abandoned back to the lienholder in 2014, based on what you previously told me had happened. We would use the debt balances on the 12/31/13 balance sheet as proceeds, and the basis of the building and land as basis, the net gain would be reported on the return. For tax purposes, when an  asset is surrendered back to the lienholder in satisfaction of the debt, it is treated as if you sold the asset to the lienholder for whatever the debt balance was at the time, and any resulting gain or loss is recognized as COD income.  I may be reading between the lines here, but I would assume that both the Planters note and the LOC were secured by the building, so the total of those two debts would be our proceeds for this transaction. If the additional Griffin notes were unsecured, and were discharged, those balances would just go straight to COD income with no offsets.

Let me know if I misunderstood on the disposition of the building, but I think I have an email somewhere in which you stated that the building was surrendered to the lienholder, (SEB Funding?) in 2014. Also, I need to clarify in which year the additional $3M Griffin debt was discharged, so that we report that income in the correct year.

I think those are the only remaining questions that we would have."

Email from CPA:

"I think the documents you sent me last night support the position that the building was security for the Planters Bank note and LOC. If you can confirm that 2014 is the year that the building was relinquished to SEB funding, I think we are good."

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    17        Exhibit 8

| Case No.: | 12-50954-THF | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | §341(a) Meeting Date: | 12/06/2012 |
| | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Email from CPA:

"So here's how it works when a pass-through entity is in bankruptcy, if a debt is either discharged or forgiven, or when it is determined that the debt will not be repaid even if there is no discharge, then any of those are considered to be cancellation of indebtedness (COD) income to the entity. The entity will report those as taxable income and that income will flow through to the entity's members, partners, shareholders or beneficiaries on a K-1. Then each member, partner, shareholder or beneficiary has to determine if they are insolvent or not, for purposes of determining if that COD income will be taxable to them. In this case, it appears that both partners, ICS and Blackrock are also bankrupt, so it should be a non issue for them, but that is their problem, not ours. Our problem is reporting whatever SEB must report as income and/or loss. Note that this may generate some state income taxes, I am not certain how KY handles discharge of indebtedness income, if that is taxed at the partnership level or if it flows to the members just like on the federal side. We will double check that and let you know.

What I think we should do is to report the building as being abandoned back to the lienholder in 2014, based on what you previously told me had happened. We would use the debt balances on the 12/31/13 balance sheet as proceeds, and the basis of the building and land as basis, the net gain would be reported on the return. For tax purposes, when an asset is surrendered back to the lienholder in satisfaction of the debt, it is treated as if you sold the asset to the lienholder for whatever the debt balance was at the time, and any resulting gain or loss is recognized as COD income.  I may be reading between the lines here, but I would assume that both the Planters note and the LOC were secured by the building, so the total of those two debts would be our proceeds for this transaction. If the additional Griffin notes were unsecured, and were discharged, those balances would just go straight to COD income with no offsets.

Let me know if I misunderstood on the disposition of the building, but I think I have an email somewhere in which you stated that the building was surrendered to the lienholder, (SEB Funding?) in 2014. Also, I need to clarify in which year the additional $3M Griffin debt was discharged, so that we report that income in the correct year.

I think those are the only remaining questions that we would have."

Email from CPA:

"We almost have the return prepared for 2013, it will show a loss of approx. $700k, including cancellation of indebtedness of income of $3M, rental income of $100k, and interest income of $6425 and then a loss from disposal / abandonment of inventory and other assets of approx. $2.5M and bad debt expense for receivables not collected of $1.3M. That nets to a loss of right at $695k.

For 2014, we will show the building being surrendered to the lienholder, which will result in a gain from cancellation of indebtedness of $8.6M.  I still don't know what to do with the other $3.1 million that shows as N/P – Shareholder, and is according to the Kraft memo from 2014 owed to Mr. Griffin. Theoretically that should be taken into income as well, I am not sure which year. I appreciate any guidance you can give on that."

Replied the 3.1 mil. was money Griffin put into the company. He has lawsuits against Jones but at this time the amount of recovery is unknown.
Reviewed and researched documents for answers to CPA questions.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:   18        Exhibit 8

| Case No.: | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Date Filed (f) or Converted to (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | §341(a) Meeting Date: | 12/06/2012 |
| | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

Emailed CPA the expense reports for 2013-2015 and attorney for estate's time and billing reports for the same period.

Emailed land contract purchase agreement and promissory note.

Emailed 2011 federal and KY state tax returns.

Emailed assignment of mortgage.

Organized and emailed additional info to CPA for preparation of tax returns.

Email from CPA:

"Mark and Candy.

Yesterday, I reviewed all the prior correspondence we received from you in addition to what you sent us recently, and I have made some assumptions. I am also copying Jordan Ottinger on this email, he is assisting me with preparing these tax returns.

Below are the assumptions that I have made and the remaining questions that I have:

1)    I am assuming for now that Kraft omitted the note receivable related to the land contract, because I can see where there was a note on the 2011 return that was prepared by Alexander Thompson and Arnold (ATA), but I don't see that on the 2012 return prepared by Kraft. My assumption is that the 2012 note balance and accounts receivable have been combined. My solution is to write off the accounts receivable balance, leaving a balance equal to the remaining note principal as of 12/31/13, since it looks like you collected everything that was collectible in 2013.

2)    Next, we have detailed property records as they were included in the 2011 tax return prepared by ATA, but they do not agree to the balances recorded on the 2012 tax return. Accumulated depreciation is understated on the tax return balance sheet, and assets appear to be overstated, based on the list available. No depreciation was deducted on the 2012 tax return. My solution is to make an schedule M-2 adjustment to the balance sheet, adjusting accumulated depreciation and asset balances to the detail we have from the 2011 return. This will further reduce the partners negative capital by about $1M.

3)    With regards to the remaining depreciable assets, my solution is to carry them at their 2011 balances per the detailed schedule that we have, through the date in 2014 when the building was surrendered to the lienholder. What I am unclear on is how to bookkeep this surrender of assets, but since it didn't happen until 2014, we will cross that bridge after we have the 2013 return prepared. Either way, this will result in some debt forgiveness income to the partners. Related to this issue, I still need to know if SEB Funding is a related entity, as of the date the debt was acquired from the bank. We may need information from Griffin's attorney to figure that out. That is the main issue that is holding up the 2013 return being prepared.

4)    There are a few other balance sheet items, about $2M worth of payables that the debtor indicated were not going to be paid, and a $30k employee receivable as an asset. I think we should take the payables into income, if they are clearly not going to be paid. And on the employee receivable, absent any detail to support which employee that might be receivable from, we are supposed to  send the employee a 1099 if we write off the balance. That may end up being nondeductible item unless we know who owed the advance back to the company.

5)    Not really an assumption, but more of an issue: The list of proofs of claim that you provided contains debts that exceed recorded liabilities on the company's books, by several million dollars. I am wondering if this list contains contingent liabilities also, liabilities that were guaranteed for other related parties? Technically, the partners potentially have COD income for all the partnership debt that is discharged, that was not recourse to them. It seems like I should only record as COD income what was on their balance sheet, but I am left wondering if the balance sheet from the 2012 tax return is complete."

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    19        Exhibit 8

| | |
|---|---|
| Case No.: | 12-50954-THF |
| Case Name: | SE BOOK COMPANY, LLC |
| For the Period Ending: | 5/4/2019 |

| | |
|---|---|
| Trustee Name: | Mark R. Little |
| Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| §341(a) Meeting Date: | 12/06/2012 |
| Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Email from CPA:

"Mark and Candy,

My biggest question – and this is one that I will definitely need your help with, is what should the liability side of the balance sheet look like as of 12/31/31 and forward? There is a memo previously provided between Kraft CPA's and Joseph Kelley / John R Farris that indicates all AP would be vacated and therefore should be "written off". My understanding (and I have a phone call this afternoon with a bankruptcy tax expert to clarify that understanding) is that when an entity treated as a partnership filed bankruptcy and debts are set aside, the individual partners will recognize COD income. I want to make sure that treatment is right before I put it on the tax return.

Remaining debt on the balance sheet would be $7.9M LOC balance to Planters Bank, $16M Note payable to Planters Bank, and $3.1M shareholder note, presumably payable to David Griffin.  Most important question: Is there more debt that is not recorded? This same memo mentions another company, SEB Funding, that purchased the debt from Planters Bank. There are some related party rules that say that if debt is subsequently acquired by a related party (generally entities with more than 50% common ownership), then there may be forgiveness of debt to the extent of the discount on the debt (amount paid verses face amount owed). Can you provide further details on this DEB Funding, what the purchase price of the debt might have been, and the ultimate resolution to said debt?  Second most important question: What is the resolution to this debt that was acquired by SEB Funding, and was SEB Funding a related party? Third most important question: Is it possible to obtain a depreciation schedule that lists all remaining assets? There should be some basis there to offset any gains from sale, and also that would be eligible to be written off in their entirety if they have been abandoned, repossessed, or otherwise disposed of.

I have tried both prior accountants, and thus far they have not been able to help. I understand they may be reluctant to provide any information because of ongoing litigation.  Ultimately though I am going to need something showing the basis in these assets or we will have to forego that write-off.

Lots of questions, I know. It will probably be beneficial for us to talk by phone, to get through some of these issues. "

Email from CPA:

"One question, with regards to the line items that relate to the land contract, do you have details on this contract? I would typically expect this to be reported as an installment sale on their tax return, but I don't see any information related to a prior installment sale on the 2012 return. Typically, when property is sold on an installment basis, the seller records a note receivable, and a deferred gain, the deferred gain will be recognized as payments are received. Any info that you have on this contract would be appreciated."

Emailed CPA copy of account.

Sent email to Charles Merrill requesting assistance is concluding these cases.

Received collection letter from Premiere Credit for IN Dept. of Rev. Sent response by USPS they are in violation of the automatic stay and may file a POC.

Filed Proof of Claim for 15,000,000.00 in Jones BKR

Tim verified he received the info to prepare the estate's tax returns.

Created spreadsheets for accountant to use in preparing tax returns and sent to CPA.

Preparing case for interim distribution.

BB&T was granted relief from stay-Charles Jones.

Order was entered granting MRS for BB&T.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    20          Exhibit 8

| | |
|---|---|
| **Case No.:** 12-50954-THF | **Trustee Name:** Mark R. Little |
| **Case Name:** SE BOOK COMPANY, LLC | **Date Filed (f) or Converted (c):** 10/27/2012 (f) |
| **For the Period Ending:** 5/4/2019 | **§341(a) Meeting Date:** 12/06/2012 |
| | **Claims Bar Date:** 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Received a call from Kentucky Department of Labor regarding the involuntary petition filed against Charles Jones in Nashville. He is seeking recovery of money to be paid into a 401k for CA Jones Management, LLC. I told him what I knew. Spoke to Drew Clark at 1-859-578-4680.

Spoke to Kevin Hoskins about the motion to continue. I explained to him I could not sign the confidential agreement and guarantee I can maintain privacy. I also told him as a practical matter, with the involuntary bankruptcy it may not matter. He wants the summary of the checks and told him I will send it. He also wants to inspect all of the files we have stored. I told him they are in a storage building without power.

I e-mailed Charles Merrill and told him I could not sign the involuntary petition.

Involuntary petition filed this morning against Jones. All actions are on hold due to automatic stay.

Called Bob Waldschmidt regarding the involuntary petition to be filed against Chuck Jones. Bob believed I did not quality as all of my claims were contingent. I also discussed the confidentiality agreement requested by Kent Wicker. He told me I could not ensure the confidentiality of the disclosed documents and advised not to sign it.

Received letter from collection company addressing AT&T account with MicroAge. Sent the following response by USPS.

Credence Resource Management, LLC

17000 Dallas Parkway, Suite 204

Dallas, TX  75248


Re:  receipt of collection letter to Microage Computer

To Whom It May Concern:

A collection letter was sent to my address on the above company. I am the bankruptcy Trustee for 3 cases to which Microage Computer may have been associated. 12-50954 SE Book Company, 12-50955 Integrated Computer Solutions, Inc., and 13-50373 Cabling Concepts, Inc. All 3 of these companies have cases pending before the bankruptcy court. I do not have a bankruptcy case closed nor pending for Microage Computer. Therefore, no further notices are necessary to my address. If you are attempting to collect from one of the companies in bankruptcy, you are hereby notified you are in violation of the automatic stay which was initiated upon the filing of the bankruptcy.

Tom Pennington from Frost Brown and Todd called me to ask if I would agree to be a petitioner in an chapter 7 involuntary petition to be filed against Chuck Jones. I then called Charles Merrill and discussed the issue with him. Charles was unsure of the propriety of my signing such a petition. I told Charles I would call Bob Waldschmidt and seek his advice.

Called the IRS to ask about the taxes for 2012. They will not talk to me without a power of attorney or court order. I will file a motion to obtain a court order authorizing the IRS to talk to me.

Drafted and filed motion to hire accountant. Objections due by 2/8.

Letter to Fred Marshall was returned. Corrected address. Mailed.

Sent letter to Fred Marshall re: pmts on land contract.

Completed the interrogatories. Monday, 12/07/2015 had my signature notarized and sent via fax to attorney for Chuck Jones.

Sent affidavit of disinterestedness to CPA.

Found domain name, textbooksrus.com on one of the bank accounts. Sent to Angie at BKAssets to see if it can be sold. Per search on Google it is not due to expire until 4/2016.

Univ. of Oregon Bookstore filed an amended POC. However, it was still incorrect and it went through as tardy claim #31. Called Red Team and spoke with Donna. She said to have him call her before he files the new one to make sure it goes through as an amended claim and gets linked to #8 & #31. Called and left a message on Arlyn's voicemail.

Donna with Red Team worked with him and the claim was corrected.

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page No:    21        Exhibit 8

| Case No.: | 12-50954-THF |
| Case Name: | SE BOOK COMPANY, LLC |
| For the Period Ending: | 5/4/2019 |

| Trustee Name: | Mark R. Little |
| Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| §341(a) Meeting Date: | 12/06/2012 |
| Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Sent BKAssets.com an email on the 3 remaining trademarks along with the info from the USTPO to see if they were interested in selling them.

Angie responded they have sold a few in the past, but in general they don't do terribly well. She will look into them and reply with a recommendation.

Received email stating Kelly's Firm is no longer representing Griffin. The new contact is Denice Von Kanel 870-338-8499.

Griffin's business address is 1305 Hwy 20, Helena, AR 72342

Received e-mail from Jason Bergeron with name and address of person to contact about the payment on the Hickory Building.

Collected info from 3 years of data and sent to CPA for compilation of needed and future tax returns.

We are scheduling depositions for all Defendants in October and November.  Delayed due to the death of one party who was the mother of another party.  I filed motion to extend  time to complete discovery.

Drafted & sent affidavit of disinterestedness for accounting firm. Drafted motion to employ same.

Began reviewing claims in order to make interim distribution. Before interim distribution can be made, the attorney's current expenses and fees must go out for 21 day objection period.

Dianna at Planter's Bank inquired re: their invoice. I replied that Janet had agreed to $2500 and after the invoice for that amount is received, and objection period up, a check will be remitted.

Received new invoice for $2500. Filed motion to approve payment.

Order entered granting motion to disallow claim of Blackrock.

Received email from US Bank inquiring if Trustee had a list or inventory of the equipment.

Spoke with one of the other Attorneys re: the info request by Wicker's office. The response:

"This appears to be a ploy by Wicker and Jones. In the federal lawsuit with Griffin, they appear to be heading towards claiming "I don't have these records that show everything was on the up and up at the Companies, they were left behind at the Companies." Then Jones can go through the charade of subpoenaing the companies and the bankruptcy trustees, so that he can ultimately claim the "records are lost." "

Eva Lemeh emailed she recalled the Creditors having security interests went in and collected their collateral prior to the building being sold.

Drafted and e-mailed motion to disallow Blackrock's claim.

Drafted and e-mailed motion to dismiss to  atty in Nashville representing Eve Lemeh

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    22        Exhibit 8

| Case No.: | 12-50954-THF | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | §341(a) Meeting Date: | 12/06/2012 |
| | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Received from Nicole Elver at DBL Law CD with info re: Logi-Text, purchase agreement, maintenance contracts, customer list,

Multiguide Systems, LLC an Arkansas LLC with members Earl Ortner & Donna Ortner 2/13/09 sold it to SE Book Company for $250,000. $16K down, $34K upon execution of agreement, $50K by 3/15/09 less $3K pre-paid fees on maintenance contracts, $150K to be paid in monthly installments of $12,500 beginning 4/15/09 for 12 months. Closing took place at Coleman Law Offices, 408 Main St, Murray for Sellers and Hurt, Jones, & Bolin, 314 N. Main St, Murray for Buyer. Jones signed as President for SEB.

Multiguide Systems, LLC was registered in AK but physical address 333 US Hwy 641 N, Murray.

Purchase agreement included all rights, title, interest, benefits, privileges in and to the names Logi-Text, logi-text, LOGI-TEXT, domain logi-text.com and right to register same.

2/17/09 Earl & Donna Ortner, after being placed under oath testified they conveyed Logi-text and the source code to SEB. It had not been provided to anyone in the past, no person or entity had any contractual right to the Source Code other than set out in the Murray State Univ. contract.

Who requested the testimony?

Customer names:

Allen County

BTOTB

Belmont Univ.

Crowder College

Labette Co.

MSU

The BookMark

Top Shelf Text Books

Univ. of Findlay

WVSOM

Belhaven College

Elgin Comm. College

Islander Books

John Woods Comm. College

Patrick Henry Bookstore

St Johns River Comm College

St Martin's Univ

Student Book Exchange

Carl Albert State College

Cal Tech Univ

St Xavier Univ

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No:    23          Exhibit 8

| | |
|---|---|
| Case No.: | 12-50954-THF |
| Case Name: | SE BOOK COMPANY, LLC |
| For the Period Ending: | 5/4/2019 |

| | |
|---|---|
| Trustee Name: | Mark R. Little |
| Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| §341(a) Meeting Date: | 12/06/2012 |
| Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Spokane

Washington & Jefferson Bookstore

Southside VA College,

Lake Erie College of Osto

Iowa Central

McPherson College


They were billed $1500-$3000 yearly

Order entered denying request for turnover of Logi-text. At the hearing, Counsel stated Debtor did not know where it was located. Judge replied when and if the whereabouts are known to notify Trustee.

The District Court for the Western District of Kentucky issued an order dismissing C.A. Jones Management, LLC's third party claim against Joe Pat Cohoon in this case for lack of jurisdiction.  This is the case where C.A. Jones Management alleged that Wells Fargo converted, with Cohoon's assistance,  some of CAJM's assets and Murray Bank's collateral when it repossessed the computer equipment housed in the SEB building. Court sided with the argument that Joe was shielded by the Barton doctrine and thus the District Court lacked jurisdiction over the claims against Joe.

Court granted request for turnover of the Logi-Text Source Codes if Chuck Jones can find them.   His attorney later advise me Murray State purchased a license for the source code.

Filed motion for turnover of Logi-text, it's source code, and current users.

Order entered in Nashville AP 13-90439 doc #152 on agreed settlement Griffin, Blackrock, and Lemeh.

Negotiated a settlement with SEB, CBR, Blackrock and David Griffins regarding the preference payments.  Taylor and Bean objected to the settlement and a hearing is set for 2/24/15-by agreement the hearing will be continued until 3/10/15

Drafted and filed motion to authorize me to agree to the settlement in Nashville AP

Filed motion to approve settlement with Blackrock.  Objections due March 2, 2015

Researched legal issues regarding motion to dismiss.  Drafted a memorandum in  response to motion over the  weekend and after reviewing, filed same the court.

Bob Waldschmidt and Joe Kelly reached an agreement on language to resolve their claims in the Blackrock estate.  The AP in Nashville will now be settled.

Reviewed e-mail form Phillip Young offering to settle with me even if Bob will not. I called Bob and discussed the offer with him.  He told me why he cannot agree to a partial subordination.  We discussed the options further and I told him I would call Phillip Young and discuss it with him.  I then called Phillip Young and discussed the issue with him at length.  We agreed to settle whether Bob does or not

Received email from BKassets re: domain sites:

"...the domain textbooklink.com is owned by HEBEI GUOJI MAOYI (SHANGHAI) LTD DBA HEBEIDOMAINS.COM located in Praha, CZ. It expires in Oct 2015. I think it would be best to let the domain name go as I don't believe we would be able to sell it for enough to bring a meaningful distribution to the creditors. "

Waiting on affidavit of disinterestedness from BKAssets on Logi-text. Will be filing motion for turnover of software from C. Jones. Expect him to counter with he doesn't know where it is.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    24            Exhibit 8

| Case No.: | 12-50954-THF | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | §341(a) Meeting Date: | 12/06/2012 |
| | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Answers to TIR re: asset #19, #20, #21, & #23:

#20 was voided

19 Awaiting affidavit of disinterestedness from BKassets and in process of drafting motion for turnover of Logi-text software from C. Jones.

2 Aps were filed on 10/25/14 and 10/26/14 for collection.

#21 A/R. Most of the accounts receivable, of which we obtained a list from early 2012, are not collectable as the businesses no longer exist or they are C. Jones entities. The schools that were listed in A/R do not owe the estate as the bills were paid on a calendar year at the time invoiced. The entities that are currently in business are either included in the Jones AP and/or letters have been sent for recovery.

Current status of A/R and preferences: APs have been filed, letters for recovery have been mailed, and negotiations on settlements of claims are underway. The first agreed settlement was filed the week of 12/16/14.
Received letter from Square 1 Bank re: subpoena for records. Counsel for bank indicated the bank did not have any accounts for the subjects listed.
Summons to Wanda Coursey returned as "unclaimed". Sent to Logan Co. Sheriff to be served.
Bob responded:
"I have already answered the cross-claim, so I'm not sure anything else needs to be done – the claim was attached to the motion which was granted."
Planters Bank needed a broader scope to the subpoena for bank records. Revised the current subpoena and sent to Janet Jakubowicz representing Planters Bank.
emailed Lori & Bob as to what, if anything, else needs to be re: cross claim with BRI.
In response to phone call and email, sent list of payments and check images on pref pmts to Apremio Consulting to their representative, Jeremy Faith.
Order entered 11/17/14 granting payment of invoice from CFSB. Issued check.
Will file motion for turnover of the software program for Logi-text. After receiving it, will file motion to hire BKassets to sell it and the trademark.
Phone call from Calloway Co. Sheriff's office wanting info on subpoena. They will serve and mail receipt.
Received word BB&T is getting ready to initiate foreclosure against Jones.
Summons to Indaba Systems returned. Changed address and remailed.
Summons to Sarah C. Jones for Vintage Rose Emporium returned. Sent to Calloway Co. Sheriff to be served.
Refiled motion under "pay administrative expenses" to pay CFSB $825.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    25        Exhibit 8

| | |
|---|---|
| **Case No.:** | 12-50954-THF |
| **Case Name:** | SE BOOK COMPANY, LLC |
| **For the Period Ending:** | 5/4/2019 |

| | |
|---|---|
| **Trustee Name:** | Mark R. Little |
| **Date Filed (f) or Converted (c):** | 10/27/2012 (f) |
| **§341(a) Meeting Date:** | 12/06/2012 |
| **Claims Bar Date:** | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

email from Automattic re AP:

Dear Mr. Little,

Thank you for taking my call today. As we discussed, I am outside counsel for Automattic Inc., and they forwarded the complaint in bankruptcy court to me yesterday. I reviewed it, and it appears that Automattic is incorrectly identified as "d/b/a/ SEO Manipulator." Automattic does not do business as SEO Manipulator. I did a quick search online regarding SEO Manipulator, and was able to find that it is a registered corporation in Florida that recently became inactive due to a failure to file the annual report. Their agent for service of process is:

RYANS, LANCE S

6422 W. HIGHWAY 98 UNIT 906

UNIT 906

PANAMA CITY BEACH, FL 32407

Please see

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail/EntityName/domp-p10000035621-07b08088-1ad2-41ad-bb3f-2197e440e866/Seo%20manipulator/Page1 for more information.

I would appreciate it if you could correct the information for SEO Manipulator in your bankruptcy proceeding as soon as possible and remove Automattic Inc. from this process. Please contact me if you would like to discuss further.

Summons to Amanda Coursey returned. Incorrect address. Corrected and sent certified mail.

Summons to CT Corp. returned by CT Corp. wanting to know the account for which it was served. Corrected by adding defendant and sent certified mail.

Email from Bob states his POC should go up by approx. $7.7M as a result of the judgment in favor of Baker & Taylor.

Mailed Summons, scheduling order, and complaint to defendants.

E-mailed Attorney for Eva Lemah regarding the AP filed for SE Books for the recovery of preference payments. I suggested we package our case as part of the Blackrock vs. Griffin AP. Phillip Young, attorney for Eva agreed.

Mailed subpoenas to Compass Bank and Square 1 Bank for bank records.

Sent payment for AP filing fees to Clerk.

CBR filed Chp 11 on 10/4/12, converted to Chp 7 8/29/13.

Filed AP on preferential transfers

Filed AP on Jones, et. al.

Response to TIR:

Sale of Great Dane trailer not completed. It was contingent upon the purchase of the computer equipment belonging to Integrated Computer Solutions which was stored in trailer and purchased by another bidder. The trailer is not an asset of the estate as it is on a note held by David Griffin. A carve out was only necessary if could be sold.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    26         Exhibit 8

| Case No.: | 12-50954-THF | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | §341(a) Meeting Date: | 12/06/2012 |
| | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

http://lastbooks.com.au/about.html

Jones listed in SEBs petition a website: lastbooks.com.

It is a second-hand book store located in Newtown, Australia. the current owner, Helen Lowe, purchased it in 10/2012. Jones sold it prior to filing on 10/27/12.

The website states they currently have 3000 books online and approx. 12,000 in the store.

No interest in the website textbooklink.com. Will ask BKassets if they are interested.

Response to TIR:

After filing the 4 APs, I will be reviewing the remainder of the claims. I anticipate filing objections to some of the claims. After they are settled, I can make an interim distribution.

emails to Phillip and Joe re: cross claim

Researched bank records to locate anymore fraudulent transfers or preference payments.  Found counter withdrawals for Scarlett Orr of approximately $200,000.00.  I found transfers to Elements and included it in the AP for fraudulent transfers etc.

Mailed demand letter to TN Dept of Rev to recover garnished funds.

Gathered data and worked on drafts for APs.

Bank records received from Fifth Third Bank. 6 bank accts, 1 commercial loan.

Rose at BKAssets emailed they are interested in selling the trademark and have had luck with selling others. Sent an affidavit of disinterestedness.

Reviewed bank records received from CFSB in preparation for APs.

Sent email to BKAssets to see if interested in selling trademark Logi-text and textbooklink.com.

textbooklink.com is based in Australia.

Spent half the day Saturday and Sunday reviewing the bank statements looking for preference payments.  Also proof read AP against Jones et al.

Letter was received from BB&T re: summons for Butcher Block acct; they need more info. Upon researching through boxes and compiling data, the needed bank stmts were found. The docs are no longer needed to be produced.

Jones has/had acct at CFSB #2081938. Deposited money from Birddog Solution into acct. as evidenced on cancelled check from Birddog. He endorsed the back as Charles Jones but it was made out to Geneva Trading Co.

Birddog Solution acct was opened 6/2011. 9/2011 Check stock is blank. Name of bank, acct #, Name on acct is whatever is put into computer. Birddog Solution is on some checks and Charles Jones as payor is on others; Birddog remained on counter deposits. The acct # 3646 for Birddog remained consistent. Address stayed the same at 306 Andrus, Murray. Money being deposited into account was for SEB receivables.

Reviewed records and bank stmts received to date. Categorized and organized onto flashdrive for APs.

Motion day. Agreed order for motion to squash subpoena on production of bk records by CFSB was tendered and Judge will enter.

Received the proposed agreed order and reviewed same.  I responded and made a suggested revision.

Spoke to Attorney for Planters Bank and asked us to broaden our scope in the subpoena request.  I said I will do.

Called Marty Johnson and discussed a resolution to his motion to quash. He will send over an agreed order by Friday resolving the motion to quash.

Called Marty Johnson regarding his motion to quash subpoena.  We discussed a resolution of the objection and he will send an agreed order for my review.

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page No:    27        Exhibit 8

| Case No.: | 12-50954-THF | | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | | §341(a) Meeting Date: | 12/06/2012 |
| | | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Began renting of storage unit to secure approx. 600 boxes of files from SEB bldg. $49/mo for 10 X 20 unit. See scanned rental agreement.

Order granting hire of clerical help for reviewing, analyzing, and preparing spreadsheets of the approx. 600 boxes of records from the SEB bldg., doc #129.

Latest update on Jones lawsuit against everyone from Joe:

Eva & Mark,

Attached is a set of pleadings filed in the District Court for Western Kentucky.  In short, here is what is going on:  Wells Fargo Leasing filed a complaint against David Griffin and Chuck Jones on their guaranties for the leases of the computer equipment located at Andrus Drive.  We moved to dismiss David Griffin because the guaranty did not comply with Kentucky law.  Chuck Jones piggy-backed this argument and also caused C.A. Jones Management to file a counterclaim against Wells Fargo alleging that Wells Fargo repossessed some equipment that belonged to it.  Murray Bank (represented by one of Chuck's lawyers) also filed a third-party complaint against Wells Fargo alleging it had a security interest in the equipment Wells Fargo allegedly wrongfully repossessed.    David Griffin and Chuck Jones were dismissed from the case.  So the only issue in the case now is CAJM's and Murray Bank's action against Wells Fargo.

Now, Chuck Jones is causing CAJM to seek to amend its complaint to add Joe Pat Cahoon as a defendant.  The allegation is that after the bankruptcies, Joe Pat Cahoon became the custodian of the property and locked out CAJM and granted access to Wells Fargo.  What the complaint does not say is the most important fact, which is after the bankruptcy, Cahoon was acting on the instructions of the you all as trustees of the Blackrock, SEB, and ICS estates to secure the premises.

I haven't researched this yet, but I question whether Jones can file an action in District Court to attack the actions of an agent of the Chapter 7 trustees.  If Jones has any real problem with the access to the buildings, his remedy was in the bankruptcy court at the time.  However, he never took any action (because he would have failed).  He is now trying an end run around the bankruptcy process to harass Cahoon because he followed the directions of the trustees.

I am going to represent Cahoon on this.  Let me know your thoughts as to how you intend to respond as the trustees.

Reviewed and drafted statement of the case for AP in Blackrock vs. Griffin

Filed motion and proposed order to employ clerical help to assist in cataloging, scanning, and creating spreadsheets for the 10 pallets of boxes that were received. Boxes belonged to SEB before it was terminated.

Objections due by 8/27.

Email from Joe re: 2013 tax return

Email from Joe with stipulation of facts re: CAJM & Jones.

received e-mail form Cash and they recommended taking the offer of $775,000.00.

email from Phillip to Joe re: needing answer re: settlement

Reviewed the Purchase contract for the SE Book bldg.  I e-mailed John Wittman regarding a concern over whether I should sign the agreement or deed it back ton Griffin, deed in lieu of foreclosure and allow him to take possession.

Sent email to Bob requesting a subpoena for bank records to use as go-by. Will subpoena 6 SEB bank accts.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No:    28         Exhibit 8

| | |
|---|---|
| Case No.: | 12-50954-THF |
| Case Name: | SE BOOK COMPANY, LLC |
| For the Period Ending: | 5/4/2019 |

| | |
|---|---|
| Trustee Name: | Mark R. Little |
| Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| §341(a) Meeting Date: | 12/06/2012 |
| Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Reviewing spreadsheet received from Nashville on SEB tangibles it was noted that Jones sold "logi-text" to Matthews Bookstores. Did not see date of sale. Therefore, sale of trademark no value to estate unless can collect the $21K that may still be owed by Matthews Bookstore.

Per Asset Listing 1/2013, Matthews Bookstore owed SEB $21K. Still owed?

Address: 11559 Rock Island Court

Maryland Heights, MO  63043

SEB advanced $30K to Riverbend 9/2011. Who is Riverbend?

Need to subpoena SEB 4 bk acctsCFSB #5784, 5881, 5784, & 5830 including ck & deposit images. SEB (dba Book & Bean) with Planters #4801. SEB Regions Bk #9670, #6280 (not sure about this #). US Bank #9037.

Also need Planters Bank #6701, Fifth Third Bk Southern Indiana #16589.

1/30/2012 SEB from Planters Bk acct #6701 paid Chuck $11,986.86.

Payments made to Chuck Jones (signed by Chuck/Charles Jones) from SEB, ICS, & CCI were deposited into his and wife Sarah's personal acct at Murray Bk and not into CA Jones Mgmt acct.

12/16/11 $200,000 wire in from SEB to Charles & Sarah Jones acct at Murray Bk #2410.

Sent email inquiry to ICAP Patent Brokerage to determine interest in selling the 4 trademarks.

Met with Robert Waldschmidt, Trustee for College Book Rental, LLC.  and Philip Young attorney for Trustee for Blackrock.  Discussed settlement of preference claims against David Griffin.  Phillip will meet with Joe Kelly and negotiate a settlement around 1.4 million dollars.  Bob and I need to exchange information about preference money.

9:00 Meeting scheduled in Nashville for 6/24 with Trustee for CBR and attorney for Lemeh, Trustee of Blackrock at 10:30 in order to come to agreement on settlement.

Appeared in court on Motion to approve claim which.  The Court will enter agreed order.

Discussed the proof of claim filed by Trustee for CBR.  He agreed to reduce proof of claim by 11 million on a contingent basis.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| Case No.: | 12-50954-THF | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | Date Filed (f) or Converted (c): | 10/27/2012 (f) |
| For the Period Ending: | 5/4/2019 | | §341(a) Meeting Date: | 12/06/2012 |
| | | | Claims Bar Date: | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

No Tax returns filed by either owner of company. Very limited info received on all aspects of business.

Still locating assets, currently renting bldg in Murray and bldg in Hickory.

Case is worked frequently several times a month.

No estimated closing date at this time.

8/22 Mark to Murray to ck on contents of a tractor trailer and talk to Chip Adams. I sent email to CBR re: 2 chks not received.

8/23 CBR stated will reissue the 2 cks.

8/23 sent bkr filing notice to Joliet College, School Board Polk Co., Oakland Comm. College, & Sealed Air Cooperation

8/23 created and filed creditor matrix

8/23 emailed list of 7 semi-trailers we are trying to locate to Joe Pat Cohoon

9/6 sent email to LCG to see if interested in purchasing intellectual property i.e. Logi-Text.

9/6 email sent to Matthew Barnes

9/12 Sent email to John Palumbo of Chp 7 Assets to see if he knows of a purchaser and his thoughts on the property Logi-Text

9/17 updated claims register

9/17 Chuck Jones filed objection to sale of ICS equipment but not tractor trailer

9/26 Chuck looked at merchandise in trailer

9/26 Chuck said he would move SEB's trailer from his lot to SEBs lot and move the trailer painted for Book N' Bean to his lot.

9/27 Chuck put bid on merchandise

9/28 Ran search on VIN# on trailer at SEB lot and it was titled 2001 to MS Carriers Warehousing & Distribution, Memphis, TN. No activity since then showing  up. TN SOS shows several inactives and  in 4/2010 it changed to Delaware. It was formed in Delaware and mailing address is Phoenix, AZ. Is the trailer licensed? What is it doing on the lot? Joe is going to get the plate and check inside it. Chuck wants it-why?

10/4/13 deposit sent by UPS on 9/30/13 has not cleared bank. Will ck with bk later today to see if cleared.

10/7 reply from bank.

10/8 checked with UPS. They were able to track deposits. Deposits were delivered to destination on 10/1. Sent copy of tracer, signature, and deposits to BMS agent/Rabobank. Awaiting response.

10/10 Bank client Service Rep, Jesse Osorio, responded. I replied that the program is showing them as not deposited. Awaiting answer.

10/10 spoke with tech. support and problem was with program. It is now corrected.

10/19-emailed CBR requesting payment of $5000 for the sale of the books last April 2013. We got response that it was paid. Money was received but was noted as 2nd half of $10,000 rent pmt. CBR still owes for the 2nd 1/2 of rent for May.

10/26 Credit Memo received from MBS for $10,700.

10/27 Mark sent demand letter to MBS for $10,700.

11/5 they responded that it was supposed to be CBR and not SEB.

12/9 emails between Mark & Joe re: SEB and related issues

1/3 traveled to Nashville and met with Joe Kelly, et al, regarding fradulent transfers

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:   30        Exhibit 8

| | |
|---|---|
| **Case No.:** | 12-50954-THF |
| **Case Name:** | SE BOOK COMPANY, LLC |
| **For the Period Ending:** | 5/4/2019 |

| | |
|---|---|
| **Trustee Name:** | Mark R. Little |
| **Date Filed (f) or Converted (c):** | 10/27/2012 (f) |
| **§341(a) Meeting Date:** | 12/06/2012 |
| **Claims Bar Date:** | 09/16/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

1/16/2014 spoke to Jason Bergeron regarding  blackrock AP

2/9 deposite made 2/2 for $10,000 is showing up as not clearing bank. Emailed bank with copy of deposit and UPS label. Asked them to please check on it. It was deposited but was not pulled in by BMS program; issue corrected.

2/12 Agreed order filed by Trustee Lemuh to continue pretrial conference Blackrock vs Griffin.

3/22 received notice from TN Dept of Rev threatening to file tax lien. Faxed copy of 341 notice. Their rep called Mark re: filing claim. It would be late, but they can file one.

4/24-corresponded with Matthew Hill Book Company requesting the source codes.

4/25 sent email to LCG to assist with valuing the software logitext and liquidation of same.

4/27-e-mailed auctioneer to request an estimate of how much the SE Book building would bring at auction.

5/11 Palumbo responded was not interested in purchasing trademark

5/12 LCG emailed stating does not have buyer for trademark.

NEXT ACTIVITY - Case open due to continued research for assets, working with Bob Waldschmidt, Chip Adams and others, collecting money from rents for estate. Liquidating assets as buyers are found. AP against Griffin. Case will be closed after all assets liquidated.


The alleged preference payments have not been verified. The month of October spreadsheets were obtained that show payments to Griffin. Griffin has a blanket lien on SE Books as he purchased the loan contracts from Planter's Bank. The Trustee believes these may be payments on the secured debts owed to Griffin and not preference payments. The Trustee is currently researching the possibility of preference\ payments and during the 2004 exam of Griffin on 10/29/2013 hopes more light will be shed on this issue.

1/11 preparing AP to intervene in Blackrock action in Nashville. After that, will prepare AP against CAJM in Paducah.

3/28 Meeting in Nashville with Bob Waldschmidt re: AP against Griffin

4/1 hearing scheduled for 5/22 for intervening in Blackrock

5/15 hearing rescheduled for 5/29

Order entered granting extension to file POC 180 days, doc #58.

| | | | |
|---|---|---|---|
| **Initial Projected Date Of Final Report (TFR):** | 12/01/2013 | **Current Projected Date Of Final Report (TFR):** | 12/30/2018 |

/s/ MARK R. LITTLE

MARK R. LITTLE

Page No: 1

Exhibit 9

# FORM 2

## CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No. | 12-50954-THF |
| Case Name: | SE BOOK COMPANY, LLC |
| Primary Taxpayer ID #: | **-***9749 |
| Co-Debtor Taxpayer ID #: | |
| For Period Beginning: | 10/27/2012 |
| For Period Ending: | 5/4/2019 |

| | |
|---|---|
| Trustee Name: | Mark R. Little |
| Bank Name: | The Bank of New York Mellon |
| Checking Acct #: | ******6566 |
| Account Title: | Hickory Building Rent |
| Blanket bond (per case limit): | $5,700,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 12/02/2012 | (2) | Sunshine Paper Products LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $2,804.84 |
| 12/16/2012 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory Building | 1121-000 | $2,804.84 | | $5,608.84 |
| 12/16/2012 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $8,413.68 |
| 12/16/2012 | (2) | Sunshine Paper Products, LLC | Reversed Deposit 100002 1 Land contract payment on Hickory Building | 1121-000 | ($2,804.00) | | $5,609.68 |
| 12/31/2012 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | $25.00 | $5,584.68 |
| 01/09/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $8,389.52 |
| 01/24/2013 | | RABOBANK MIGRATION TRANSFER OUT | TRANSFER TO *********9088       ****0124 | 9999-000 | | $8,389.52 | $0.00 |

| | | | |
|---|---|---|---|
| TOTALS: | $8,414.52 | $8,414.52 | $0.00 |
| Less: Bank transfers/CDs | $0.00 | $8,389.52 | |
| Subtotal | $8,414.52 | $25.00 | |
| Less: Payments to debtors | $0.00 | $0.00 | |
| Net | $8,414.52 | $25.00 | |

| For the period of 10/27/2012 to 5/4/2019 | | For the entire history of the account between 12/02/2012 to 5/4/2019 | |
|---|---|---|---|
| Total Compensable Receipts: | $8,414.52 | Total Compensable Receipts: | $8,414.52 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $8,414.52 | Total Comp/Non Comp Receipts: | $8,414.52 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $25.00 | Total Compensable Disbursements: | $25.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $25.00 | Total Comp/Non Comp Disbursements: | $25.00 |
| Total Internal/Transfer Disbursements: | $8,389.52 | Total Internal/Transfer Disbursements: | $8,389.52 |

Page No: 2    Exhibit 9

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No. | 12-50954-THF | Trustee Name: Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: The Bank of New York Mellon |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: ******6567 |
| Co-Debtor Taxpayer ID #: | | Account Title: College Book Rental |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 12/16/2012 | (1) | College Book Rental Company LLC | Rent received for SE Book Building; ECF #19. | 1122-000 | $5,000.00 | | $5,000.00 |
| 12/31/2012 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | $25.00 | $4,975.00 |
| 01/09/2013 | (1) | College Book Rental Company LLC | Rent received for SE Book building; ECF #19. | 1122-000 | $5,000.00 | | $9,975.00 |
| 01/24/2013 | | RABOBANK MIGRATION TRANSFER OUT | TRANSFER TO *********9088      ****0124 | 9999-000 | | $9,975.00 | $0.00 |

| | | | |
|---|---|---|---|
| TOTALS: | $10,000.00 | $10,000.00 | $0.00 |
| Less: Bank transfers/CDs | $0.00 | $9,975.00 | |
| Subtotal | $10,000.00 | $25.00 | |
| Less: Payments to debtors | $0.00 | $0.00 | |
| Net | $10,000.00 | $25.00 | |

| For the period of 10/27/2012 to 5/4/2019 | | For the entire history of the account between 12/16/2012 to 5/4/2019 | |
|---|---|---|---|
| Total Compensable Receipts: | $10,000.00 | Total Compensable Receipts: | $10,000.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $10,000.00 | Total Comp/Non Comp Receipts: | $10,000.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $25.00 | Total Compensable Disbursements: | $25.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $25.00 | Total Comp/Non Comp Disbursements: | $25.00 |
| Total Internal/Transfer Disbursements: | $9,975.00 | Total Internal/Transfer Disbursements: | $9,975.00 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: | The Bank of New York Mellon |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: | ******6568 |
| Co-Debtor Taxpayer ID #: | | Account Title: | Accounts receivable |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 01/14/2013 | (21) | Associated Students | accounts receivable | 1221-000 | $31.98 | | $31.98 |
| 01/14/2013 | (21) | Associated Students | accounts receivable | 1221-000 | $31.98 | | $63.96 |
| 01/14/2013 | (21) | Community College of Rhode Island | accounts receivable | 1221-000 | $382.78 | | $446.74 |
| 01/14/2013 | (21) | Community College of Rhode Island | accounts receivable | 1221-000 | $382.78 | | $829.52 |
| 01/14/2013 | (21) | CSU Fullerton ASC-Titan Shops | accounts receivable | 1221-000 | $526.25 | | $1,355.77 |
| 01/14/2013 | (21) | CSU Fullerton ASC-Titan Shops | accounts receivable | 1221-000 | $526.25 | | $1,882.02 |
| 01/14/2013 | (21) | Lock Haven University Student Auxiliary Services, Inc. | accounts receivable | 1221-000 | $949.90 | | $2,831.92 |
| 01/14/2013 | (21) | Lock Haven University Student Auxiliary Services, Inc. | accounts receivable | 1221-000 | $949.90 | | $3,781.82 |
| 01/14/2013 | (21) | Southern Illinois Book and Supply | accounts receivable | 1221-000 | $403.96 | | $4,185.78 |
| 01/14/2013 | (21) | Southern Illinois Book and Supply | accounts receivable | 1221-000 | $403.96 | | $4,589.74 |
| 01/14/2013 | (21) | Associated Students | Reversed Deposit 100001 3 accounts receivable | 1221-000 | ($31.98) | | $4,557.76 |
| 01/14/2013 | (21) | Community College of Rhode Island | Reversed Deposit 100001 1 accounts receivable | 1221-000 | ($382.78) | | $4,174.98 |
| 01/14/2013 | (21) | CSU Fullerton ASC-Titan Shops | Reversed Deposit 100001 2 accounts receivable | 1221-000 | ($526.25) | | $3,648.73 |
| 01/14/2013 | (21) | Lock Haven University Student Auxiliary Services, Inc. | Reversed Deposit 100001 5 accounts receivable | 1221-000 | ($949.90) | | $2,698.83 |
| 01/14/2013 | (21) | Southern Illinois Book and Supply | Reversed Deposit 100001 4 accounts receivable | 1221-000 | ($403.96) | | $2,294.87 |
| 01/18/2013 | (22) | CFSB Community Financial Services Bank | Liquidation of CFSB business checking account | 1229-000 | $49,823.43 | | $52,118.30 |
| 01/24/2013 | | RABOBANK MIGRATION TRANSFER OUT | TRANSFER TO *********9088        ****0124 | 9999-000 | | $52,118.30 | $0.00 |
| | | | **SUBTOTALS** | | $52,118.30 | $52,118.30 | |

Page No: 4   Exhibit 9

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| Case No. | 12-50954-THF |
| Case Name: | SE BOOK COMPANY, LLC |
| Primary Taxpayer ID #: | **-***9749 |
| Co-Debtor Taxpayer ID #: | |
| For Period Beginning: | 10/27/2012 |
| For Period Ending: | 5/4/2019 |

| | |
|---|---|
| Trustee Name: | Mark R. Little |
| Bank Name: | The Bank of New York Mellon |
| Checking Acct #: | ******6568 |
| Account Title: | Accounts receivable |
| Blanket bond (per case limit): | $5,700,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| | | | **TOTALS:** | | $52,118.30 | $52,118.30 | $0.00 |
| | | | **Less: Bank transfers/CDs** | | $0.00 | $52,118.30 | |
| | | | **Subtotal** | | $52,118.30 | $0.00 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $52,118.30 | $0.00 | |

| **For the period of 10/27/2012 to 5/4/2019** | | **For the entire history of the account between 01/12/2013 to 5/4/2019** | |
|---|---|---|---|
| Total Compensable Receipts: | $52,118.30 | Total Compensable Receipts: | $52,118.30 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $52,118.30 | Total Comp/Non Comp Receipts: | $52,118.30 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $52,118.30 | Total Internal/Transfer Disbursements: | $52,118.30 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No.: | 12-50954-THF | | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | Bank Name: | Independent Bank |
| Primary Taxpayer ID #: | **-***9749 | | Checking Acct #: | ******0954 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | Other payments received |
| For Period Beginning: | 10/27/2012 | | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 05/22/2014 | | Rabobank, N.A. | Transfer Funds - migration from Rabobank | 9999-000 | $60,462.12 | | $60,462.12 |
| 05/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $31.46 | $60,430.66 |
| 06/30/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $94.33 | $60,336.33 |
| 07/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $97.32 | $60,239.01 |
| 08/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $97.16 | $60,141.85 |
| 09/30/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $93.87 | $60,047.98 |
| 10/27/2014 | 5001 | U.S. Bankruptcy Court Clerk | AP filing fee | 2700-000 | | $350.00 | $59,697.98 |
| 10/27/2014 | 5002 | U.S. Bankruptcy Court Clerk | AP filing fee | 2700-000 | | $350.00 | $59,347.98 |
| 10/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $96.85 | $59,251.13 |
| 11/30/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $92.59 | $59,158.54 |
| 12/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $95.42 | $59,063.12 |
| 01/15/2015 | | Transfer To: #*******0954 | This sub-account is no longer needed. All funds transferred to main account for SE Book. | 9999-000 | | $59,063.12 | $0.00 |

|  |  | TOTALS: | $60,462.12 | $60,462.12 | $0.00 |
|---|---|---|---|---|---|
| | | Less: Bank transfers/CDs | $60,462.12 | $59,063.12 | |
| | | Subtotal | $0.00 | $1,399.00 | |
| | | Less: Payments to debtors | $0.00 | $0.00 | |
| | | Net | $0.00 | $1,399.00 | |

| **For the period of 10/27/2012 to 5/4/2019** | | **For the entire history of the account between 05/22/2014 to 5/4/2019** | |
|---|---|---|---|
| Total Compensable Receipts: | $0.00 | Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 | Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $60,462.12 | Total Internal/Transfer Receipts: | $60,462.12 |
| | | | |
| Total Compensable Disbursements: | $1,399.00 | Total Compensable Disbursements: | $1,399.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $1,399.00 | Total Comp/Non Comp Disbursements: | $1,399.00 |
| Total Internal/Transfer Disbursements: | $59,063.12 | Total Internal/Transfer Disbursements: | $59,063.12 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | | | |
|---|---|---|---|---|---|
| Case No. | 12-50954-THF | | Trustee Name: | | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | | Bank Name: | | Independent Bank |
| Primary Taxpayer ID #: | **-***9749 | | Checking Acct #: | | ******0954 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | | SE Book |
| For Period Beginning: | 10/27/2012 | | Blanket bond (per case limit): | | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | | Separate bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 05/22/2014 | | Rabobank, N.A. | Transfer Funds-Migration from Rabobank | 9999-000 | $154,399.17 | | $154,399.17 |
| 05/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $80.34 | $154,318.83 |
| 06/30/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $240.87 | $154,077.96 |
| 07/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $248.52 | $153,829.44 |
| 08/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $248.12 | $153,581.32 |
| 09/30/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $239.72 | $153,341.60 |
| 10/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $247.33 | $153,094.27 |
| 11/21/2014 | 5001 | Community Financial Services Bank | Payment of invoice for producing bank records.  ECF doc #142. | 2600-000 | | $825.00 | $152,269.27 |
| 11/30/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $238.83 | $152,030.44 |
| 12/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $245.22 | $151,785.22 |
| 01/15/2015 | | Transfer From: #*******0954 | 5/6/2014 Deposit of $10,000 for rent of SEB building mistakenly deposited into Hickory Bldg sub-account instead of SE Book account. | 9999-000 | $10,000.00 | | $161,785.22 |
| 01/15/2015 | | Transfer From: #*******0954 | All funds in sub-account  transferred to the main account SE Book. | 9999-000 | $59,063.12 | | $220,848.34 |
| 01/15/2015 | 5002 | Community Financial Services Bank | Invoice for Ratio Logistics records. ECF doc #144. | 2600-000 | | $281.00 | $220,567.34 |
| 01/23/2015 | (26) | CDW | Agreed settlement with CDW Direct; AP 14-05026 ECF #66. | 1241-000 | $13,635.00 | | $234,202.34 |
| 01/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $310.00 | $233,892.34 |
| 02/03/2015 | (53) | Wells Fargo Financial Leasing, Inc. | Agreed settlement AP 14-05026 ECF #320. | 1241-000 | $2,000.00 | | $235,892.34 |
| 02/21/2015 | (25) | FedEx | Agreed settlement AP 14-05026 ECF #63. | 1241-000 | $8,500.00 | | $244,392.34 |
| 02/28/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $345.45 | $244,046.89 |
| 03/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $393.63 | $243,653.26 |
| 04/30/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $380.31 | $243,272.95 |
| 05/04/2015 | (55) | Eva M. Lemeh, Trustee | Agreed settlement from AP 13-90439 litigated in Nashville, TN to settle bankruptcy estates interest; ECF #152 | 1241-000 | $40,887.75 | | $284,160.70 |
| 05/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $449.82 | $283,710.88 |
| | | | **SUBTOTALS** | | $288,485.04 | $5,223.98 | |

Page No: 7                Exhibit 9

## FORM 2
### CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | |
|---|---|---|
| **Case No.** | 12-50954-THF | |
| **Case Name:** | SE BOOK COMPANY, LLC | |
| **Primary Taxpayer ID #:** | **-***9749 | |
| **Co-Debtor Taxpayer ID #:** | | |
| **For Period Beginning:** | 10/27/2012 | |
| **For Period Ending:** | 5/4/2019 | |

| | |
|---|---|
| **Trustee Name:** | Mark R. Little |
| **Bank Name:** | Independent Bank |
| **Checking Acct #:** | ******0954 |
| **Account Title:** | SE Book |
| **Blanket bond (per case limit):** | $5,700,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 06/01/2015 | (31) | Margulies Faith LLP | Agreed settlement with Apremio; AP 14-05026 ECF #83. | 1241-000 | $1,500.00 | | $285,210.88 |
| 06/30/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $444.87 | $284,766.01 |
| 07/16/2015 | 5003 | Planters Bank, Inc. | Payment of invoice for producing bank records. ECF doc#168. | 2600-000 | | $2,500.00 | $282,266.01 |
| 07/20/2015 | (27) | Gary Jones | Agreed settlement Indaba; AP 14-05026 ECF #94. | 1241-000 | $110,000.00 | | $392,266.01 |
| 07/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $521.23 | $391,744.78 |
| 08/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $631.86 | $391,112.92 |
| 09/30/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $610.49 | $390,502.43 |
| 10/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $629.86 | $389,872.57 |
| 11/30/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $608.56 | $389,264.01 |
| 12/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $627.86 | $388,636.15 |
| 01/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $626.85 | $388,009.30 |
| 02/29/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $585.46 | $387,423.84 |
| 03/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $624.89 | $386,798.95 |
| 04/30/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $603.76 | $386,195.19 |
| 05/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $622.91 | $385,572.28 |
| 06/25/2016 | (55) | Eva M. Lemeh, Trustee | Proceeds from agreed settlement Nashville AP 13-90439 ECF #152, 2nd and last payment. | 1241-000 | $115,554.44 | | $501,126.72 |
| 06/30/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $619.88 | $500,506.84 |
| 07/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $807.28 | $499,699.56 |
| 08/09/2016 | | Transfer From: #*******0954 | Hickory Building no longer needs a separate account as the payment agreement on the land contract has terminated. All funds from the sub-account transferred into this account. | 9999-000 | $104,634.27 | | $604,333.83 |
| 08/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $925.76 | $603,408.07 |
| 09/30/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $941.86 | $602,466.21 |
| 10/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $971.73 | $601,494.48 |
| 11/30/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $938.87 | $600,555.61 |
| 12/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $968.66 | $599,586.95 |
| | | | **SUBTOTALS** | | $331,688.71 | $16,781.30 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No. | 12-50954-THF | |
| Case Name: | SE BOOK COMPANY, LLC | |
| Primary Taxpayer ID #: | **-***9749 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 10/27/2012 | |
| For Period Ending: | 5/4/2019 | |

| | |
|---|---|
| Trustee Name: | Mark R. Little |
| Bank Name: | Independent Bank |
| Checking Acct #: | ******0954 |
| Account Title: | SE Book |
| Blanket bond (per case limit): | $5,700,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 01/31/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $967.10 | $598,619.85 |
| 02/09/2017 | 5004 | _ Kentucky State Treasurer | 2013 LLET tax return. ECF doc #191. | 2820-000 | | $175.00 | $598,444.85 |
| 02/24/2017 | 5005 | _ Kentucky State Treasurer | 2012 LLET return. ECF doc #191. | 2820-000 | | $175.00 | $598,269.85 |
| 02/24/2017 | 5006 | _ Kentucky State Treasurer | 2014 LLET return. ECF doc #191. | 2820-000 | | $175.00 | $598,094.85 |
| 02/24/2017 | 5007 | _ Kentucky State Treasurer | 2015 LLET return. ECF doc #191. | 2820-000 | | $175.00 | $597,919.85 |
| 02/24/2017 | 5008 | _ Kentucky State Treasurer | 2016 LLET return. ECF doc #191. | 2820-000 | | $175.00 | $597,744.85 |
| 02/28/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $872.09 | $596,872.76 |
| 03/10/2017 | 5009 | _ Rodefer Moss & CO, PLLC | Compensation accountant for Trustee. ECF doc #192. | 3410-000 | | $15,075.00 | $581,797.76 |
| 03/31/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $950.71 | $580,847.05 |
| 04/30/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $906.65 | $579,940.40 |
| 05/31/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $861.52 | $579,078.88 |
| 06/30/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $832.50 | $578,246.38 |
| 07/31/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $859.00 | $577,387.38 |
| 08/31/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $857.73 | $576,529.65 |
| 09/17/2017 | 5010 | MARK R. LITTLE | Claim #: ; Distribution Dividend: 100.00; Amount Allowed: 1,709.39; Account Number: ; ECF doc #238. | 3120-000 | | $1,709.39 | $574,820.26 |
| 09/17/2017 | 5011 | MARK R. LITTLE | Claim #: ; Distribution Dividend: 100.00; Amount Allowed: 65,161.25; Account Number: ; ECF doc #238. | 3110-000 | | $65,161.25 | $509,659.01 |
| 09/30/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $790.38 | $508,868.63 |
| 10/31/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $755.95 | $508,112.68 |
| 11/30/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $730.47 | $507,382.21 |
| 12/06/2017 | 5012 | Piranha Mobile Shredding | Claim #: ; Distribution Dividend: 100.00; Amount Allowed: 850.50; Account Number: ; ECF doc #258. | 3991-000 | | $850.50 | $506,531.71 |
| 12/31/2017 | | Integrity Bank | Bank Service Fee | 2600-000 | | $752.92 | $505,778.79 |
| 01/31/2018 | | Integrity Bank | Bank Service Fee | 2600-000 | | $751.35 | $505,027.44 |
| 02/12/2018 | 5013 | _ Kentucky State Treasurer | Claim #: ; Distribution Dividend: 100.00; Amount Allowed: 175.00; 2017 LLET taxes, ECF #271. | 2820-000 | | $175.00 | $504,852.44 |
| 02/28/2018 | | Integrity Bank | Bank Service Fee | 2600-000 | | $677.56 | $504,174.88 |
| | | | **SUBTOTALS** | | $0.00 | $96,089.63 | |

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: | Independent Bank |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: | ******0954 |
| Co-Debtor Taxpayer ID #: | | Account Title: | SE Book |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 03/09/2018 | 5014 | _ Rodefer Moss & CO, PLLC | Claim #: ; Distribution Dividend: 100.00; Amount Allowed: 1,550.00; Account Number: ECF #281. | 3410-000 | | $1,550.00 | $502,624.88 |
| 03/31/2018 | | Integrity Bank | Bank Service Fee | 2600-000 | | $747.63 | $501,877.25 |
| 04/30/2018 | | Integrity Bank | Bank Service Fee | 2600-000 | | $721.50 | $501,155.75 |
| 05/31/2018 | | Integrity Bank | Bank Service Fee | 2600-000 | | $744.48 | $500,411.27 |
| 06/12/2018 | 5015 | Commonwealth of KY Department of Revenue | Claim #: 5; Distribution Dividend: 100.00; Amount Allowed: 60,213.12; Account Number: 0412; ECF doc #304 | 5800-000 | | $60,213.12 | $440,198.15 |
| 06/12/2018 | 5016 | Arkansas Department of Finance & Administration | Claim #: 14; Distribution Dividend: 100.00; Amount Allowed: 1,047.68; Account Number: 9749; ECF doc #304 | 5800-000 | | $1,047.68 | $439,150.47 |
| 06/12/2018 | 5017 | West Virginia State Tax Department | Claim #: 19; Distribution Dividend: 100.00; Amount Allowed: 83.98; Account Number: 9749; ECF doc #304 | 5800-000 | | $83.98 | $439,066.49 |
| 06/12/2018 | 5018 | North Carolina Department of Revenue | Claim #: 21; Distribution Dividend: 100.00; Amount Allowed: 2,915.30; Account Number: ; ECF doc #304 | 5800-000 | | $2,915.30 | $436,151.19 |
| 06/12/2018 | 5019 | Franchise Tax Board | Claim #: 29; Distribution Dividend: 100.00; Amount Allowed: 4,203.76; Account Number: ;ECF doc #305 | 5800-000 | | $4,203.76 | $431,947.43 |
| 06/12/2018 | 5020 | Tennessee Department of Revenue | Claim #: 32; Distribution Dividend: 100.00; Amount Allowed: 907.93; Account Number: 9749; ECF doc #304 | 5800-000 | | $907.93 | $431,039.50 |
| 06/12/2018 | 5021 | IL Dept of Revenue Bankruptcy Section | Claim #: 37; Distribution Dividend: 100.00; Amount Allowed: 93.00; Account Number: ; ECF doc #304 | 5800-000 | | $93.00 | $430,946.50 |
| 06/30/2018 | | Integrity Bank | Bank Service Fee | 2600-000 | | $706.07 | $430,240.43 |
| 07/31/2018 | | Integrity Bank | Bank Service Fee | 2600-000 | | $640.15 | $429,600.28 |
| 08/05/2018 | | Independent Bank | Bank Service Fee | 2600-000 | | $102.93 | $429,497.35 |
| 08/06/2018 | | Independent Bank | Bank Service Fee | 2600-000 | | ($102.93) | $429,600.28 |
| 08/31/2018 | | Independent Bank | Bank Service Fee | 2600-000 | | $7,518.00 | $422,082.28 |
| 09/05/2018 | | Independent Bank | Bank Service Fee | 2600-000 | | ($7,518.00) | $429,600.28 |
| 09/06/2018 | | Independent Bank | Bank Service Fee | 2600-000 | | $638.52 | $428,961.76 |
| 10/18/2018 | 5022 | _ Kentucky State Treasurer | Claim #: ; Distribution Dividend: 100.00; Amount Allowed: 175.00; 2017 LLET taxes, ECF #311. | 2820-000 | | $175.00 | $428,786.76 |
| | | | **SUBTOTALS** | | $0.00 | $75,563.12 | |

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 12-50954-THF | | Trustee Name: | Mark R. Little |
| --- | --- | --- | --- | --- |
| Case Name: | SE BOOK COMPANY, LLC | | Bank Name: | Independent Bank |
| Primary Taxpayer ID #: | **-***9749 | | Checking Acct #: | ******0954 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | SE Book |
| For Period Beginning: | 10/27/2012 | | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 02/08/2019 | 5023 | _ Rodefer Moss & CO, PLLC | Claim #: ; Distribution Dividend: 100.00; Amount Allowed: 1,200.00; Account Number: ECF #312. | 3410-000 | | $1,200.00 | $427,586.76 |
| 03/05/2019 | 5024 | Mark Little | Trustee Expenses | 2200-000 | | $5,333.86 | $422,252.90 |
| 03/05/2019 | 5025 | Mark R. Little | Trustee Compensation | 2100-000 | | $34,719.55 | $387,533.35 |
| 03/05/2019 | 5026 | US Bank NA dba US Bank Equipment Finance | Claim #: 1; Distribution Dividend: 0.41; Amount Allowed: 354,757.83; Account Number: 7009; | 7100-000 | | $1,469.49 | $386,063.86 |
| 03/05/2019 | 5027 | Wells Fargo Financial Leasing, Inc. | Claim #: 2; Distribution Dividend: 0.41; Amount Allowed: 170,977.71; Account Number: 2741; | 7100-000 | | $708.23 | $385,355.63 |
| 03/05/2019 | 5028 | United Parcel Service | Claim #: 3; Distribution Dividend: 0.41; Amount Allowed: 20,304.48; Account Number: 48824/5967EA/667EW2/A5413E; | 7100-000 | | $84.11 | $385,271.52 |
| 03/05/2019 | 5029 | FedEx TechConnect, Inc. | Claim #: 4; Distribution Dividend: 0.41; Amount Allowed: 406,151.92; Account Number: 4183; | 7100-000 | | $1,682.37 | $383,589.15 |
| 03/05/2019 | 5030 | ROBERT H WALDSCHMIDT, TRUSTEE FOR BANKRUPTCY ESTATE OF | Claim #: 6; Distribution Dividend: 0.41; Amount Allowed: 20,121,792.54; Account Number: ; | 7100-000 | | $83,348.95 | $300,240.20 |
| 03/05/2019 | 5031 | University of Oregon Bookstore | Claim #: 8; Distribution Dividend: 0.41; Amount Allowed: 12,849.77; Account Number: SEBook; | 7100-000 | | $53.23 | $300,186.97 |
| 03/05/2019 | 5032 | GreatAmerica Financial Services Corporation f/k/a GreatAmerica Leasing Corp. | Claim #: 16; Distribution Dividend: 0.41; Amount Allowed: 3,558.30; Account Number: 9298; | 7100-000 | | $14.74 | $300,172.23 |
| 03/05/2019 | 5033 | Waubonsee Community College | Claim #: 17; Distribution Dividend: 0.41; Amount Allowed: 2,137.67; Account Number: BOOC; | 7100-000 | | $8.85 | $300,163.38 |
| 03/05/2019 | 5034 | Athens Paper Company | Claim #: 18; Distribution Dividend: 0.41; Amount Allowed: 155,995.87; Account Number: 3934; | 7100-000 | | $646.17 | $299,517.21 |
| 03/05/2019 | 5035 | Aztec Shops Ltd. | Claim #: 20; Distribution Dividend: 0.41; Amount Allowed: 8,079.18; Account Number: 8127; | 7100-000 | | $33.47 | $299,483.74 |
| 03/05/2019 | 5036 | Cengage Learning, Inc. | Claim #: 22; Distribution Dividend: 0.41; Amount Allowed: 13,200,000.00; Account Number: ; | 7100-000 | | $54,677.34 | $244,806.40 |
| 03/05/2019 | 5037 | Elsevier LTD. | Claim #: 23; Distribution Dividend: 0.41; Amount Allowed: 450,000.00; Account Number: ; | 7100-000 | | $1,864.00 | $242,942.40 |
| | | | **SUBTOTALS** | | $0.00 | $187,708.36 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No. | 12-50954-THF | |
| Case Name: | SE BOOK COMPANY, LLC | |
| Primary Taxpayer ID #: | **-***9749 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 10/27/2012 | |
| For Period Ending: | 5/4/2019 | |

| | |
|---|---|
| Trustee Name: | Mark R. Little |
| Bank Name: | Independent Bank |
| Checking Acct #: | ******0954 |
| Account Title: | SE Book |
| Blanket bond (per case limit): | $5,700,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 03/05/2019 | 5038 | John Wiley & Sons, Inc. | Claim #: 24; Distribution Dividend: 0.41; Amount Allowed: 1,500,000.00; Account Number: ; | 7100-000 | | $6,213.33 | $236,729.07 |
| 03/05/2019 | 5039 | The McGraw-Hill Companies, Inc. | Claim #: 25; Distribution Dividend: 0.41; Amount Allowed: 37,200,000.00; Account Number: ; | 7100-000 | | $154,090.70 | $82,638.37 |
| 03/05/2019 | 5040 | Pearson Education, Inc. | Claim #: 26; Distribution Dividend: 0.41; Amount Allowed: 19,950,000.00; Account Number: ; | 7100-000 | | $82,637.35 | $1.02 |
| 03/05/2019 | 5041 | Clerk, US Bankruptcy Court | Small Dividends | 7100-001 | | $1.02 | $0.00 |
| 03/31/2019 | 5028 | VOID: United Parcel Service | VOIDED. UNCLAIMED FUNDS | 7100-003 | | ($84.11) | $84.11 |
| 03/31/2019 | 5042 | _ U.S. Bankruptcy Court Clerk | Claim #3 Unclaimed Funds | 7100-001 | | $84.11 | $0.00 |

|  |  | Deposit | Disbursement | Balance |
|---|---|---|---|---|
| | **TOTALS:** | $620,173.75 | $620,173.75 | $0.00 |
| | **Less: Bank transfers/CDs** | $328,096.56 | $0.00 | |
| | **Subtotal** | $292,077.19 | $620,173.75 | |
| | **Less: Payments to debtors** | $0.00 | $0.00 | |
| | **Net** | $292,077.19 | $620,173.75 | |

| For the period of 10/27/2012 to 5/4/2019 | | For the entire history of the account between 05/22/2014 to 5/4/2019 | |
|---|---|---|---|
| Total Compensable Receipts: | $292,077.19 | Total Compensable Receipts: | $292,077.19 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $292,077.19 | Total Comp/Non Comp Receipts: | $292,077.19 |
| Total Internal/Transfer Receipts: | $328,096.56 | Total Internal/Transfer Receipts: | $328,096.56 |
| | | | |
| Total Compensable Disbursements: | $620,173.75 | Total Compensable Disbursements: | $620,173.75 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $620,173.75 | Total Comp/Non Comp Disbursements: | $620,173.75 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

## FORM 2
### CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: | Independent Bank |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: | ******0954 |
| Co-Debtor Taxpayer ID #: | | Account Title: | Hickory Bldg |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 05/22/2014 | | Rabobank, N.A. | Transfer Funds | 9999-000 | $62,243.74 | | $62,243.74 |
| 05/30/2014 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $65,048.58 |
| 05/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $32.38 | $65,016.20 |
| 06/23/2014 | (2) | Sunshine Paper Products | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $67,821.04 |
| 06/30/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $102.22 | $67,718.82 |
| 07/25/2014 | (2) | Sunshine Paper Products | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $70,523.66 |
| 07/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $109.81 | $70,413.85 |
| 08/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $113.57 | $70,300.28 |
| 09/04/2014 | (2) | Sunshine Paper Products | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $73,105.12 |
| 09/29/2014 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $75,909.96 |
| 09/30/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $113.67 | $75,796.29 |
| 10/24/2014 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $78,601.13 |
| 10/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $122.99 | $78,478.14 |
| 11/25/2014 | (2) | Sunshine Paper Products | Land contract payment on Hickory building for Nov. | 1121-000 | $2,804.84 | | $81,282.98 |
| 11/30/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $122.94 | $81,160.04 |
| 12/30/2014 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $83,964.88 |
| 12/31/2014 | | Integrity Bank | Bank Service Fee | 2600-000 | | $130.90 | $83,833.98 |
| 01/15/2015 | | Transfer To: #*******0954 | 5/6/2014 Deposit of $10,000 should have been deposited into SE Book sub-account instead of Hickory Bldg sub-account. | 9999-000 | | $10,000.00 | $73,833.98 |
| 01/28/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $76,638.82 |
| 01/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $126.66 | $76,512.16 |
| 02/28/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $111.46 | $76,400.70 |
| 03/04/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $79,205.54 |
| 03/27/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $82,010.38 |
| 03/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $127.46 | $81,882.92 |
| 04/23/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $84,687.76 |
| 04/30/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $128.83 | $84,558.93 |
| | | | **SUBTOTALS** | | $95,901.82 | $11,471.72 | |

Exhibit 9

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Case No.** | 12-50954-THF | | | **Trustee Name:** | Mark R. Little | |
| **Case Name:** | SE BOOK COMPANY, LLC | | | **Bank Name:** | Independent Bank | |
| **Primary Taxpayer ID #:** | **-***9749 | | | **Checking Acct #:** | ******0954 | |
| **Co-Debtor Taxpayer ID #:** | | | | **Account Title:** | Hickory Bldg | |
| **For Period Beginning:** | 10/27/2012 | | | **Blanket bond (per case limit):** | $5,700,000.00 | |
| **For Period Ending:** | 5/4/2019 | | | **Separate bond (if applicable):** | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 05/23/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $87,363.77 |
| 05/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $137.12 | $87,226.65 |
| 06/30/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $90,031.49 |
| 06/30/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $136.15 | $89,895.34 |
| 07/23/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $92,700.18 |
| 07/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $146.17 | $92,554.01 |
| 08/31/2015 | (2) | Sunshine Paper Products | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $95,358.85 |
| 08/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $149.28 | $95,209.57 |
| 09/30/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $98,014.41 |
| 09/30/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $148.61 | $97,865.80 |
| 10/30/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $100,670.64 |
| 10/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $157.85 | $100,512.79 |
| 11/30/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $156.74 | $100,356.05 |
| 12/02/2015 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $103,160.89 |
| 12/31/2015 | | Integrity Bank | Bank Service Fee | 2600-000 | | $166.10 | $102,994.79 |
| 01/08/2016 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $105,799.63 |
| 01/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $169.04 | $105,630.59 |
| 02/29/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $159.38 | $105,471.21 |
| 03/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $170.11 | $105,301.10 |
| 04/30/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $164.37 | $105,136.73 |
| 05/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $169.57 | $104,967.16 |
| 06/30/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $163.85 | $104,803.31 |
| 07/31/2016 | | Integrity Bank | Bank Service Fee | 2600-000 | | $169.04 | $104,634.27 |
| 08/09/2016 | | Transfer To: #*******0954 | Hickory Building no longer needs a separate account as the contract has ended. Transferred the funds from this account into the main account for SE Book. | 9999-000 | | $104,634.27 | $0.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | **SUBTOTALS** | | $22,438.72 | $106,997.65 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 12-50954-THF | Trustee Name: | Mark R. Little |
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: | Independent Bank |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: | ******0954 |
| Co-Debtor Taxpayer ID #: | | Account Title: | Hickory Bldg |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | Uniform Tran Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | | | Deposit $ | Disbursement $ | Balance |
| | | | TOTALS: | | | $118,340.54 | $118,340.54 | $0.00 |
| | | | Less: Bank transfers/CDs | | | $62,243.74 | $114,634.27 | |
| | | | Subtotal | | | $56,096.80 | $3,706.27 | |
| | | | Less: Payments to debtors | | | $0.00 | $0.00 | |
| | | | Net | | | $56,096.80 | $3,706.27 | |

| For the period of **10/27/2012** to **5/4/2019** | | For the entire history of the account between **05/22/2014** to **5/4/2019** | |
|---|---|---|---|
| Total Compensable Receipts: | $56,096.80 | Total Compensable Receipts: | $56,096.80 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $56,096.80 | Total Comp/Non Comp Receipts: | $56,096.80 |
| Total Internal/Transfer Receipts: | $62,243.74 | Total Internal/Transfer Receipts: | $62,243.74 |
| | | | |
| Total Compensable Disbursements: | $3,706.27 | Total Compensable Disbursements: | $3,706.27 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $3,706.27 | Total Comp/Non Comp Disbursements: | $3,706.27 |
| Total Internal/Transfer Disbursements: | $114,634.27 | Total Internal/Transfer Disbursements: | $114,634.27 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: | Rabobank, N.A. |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: | ******5666 |
| Co-Debtor Taxpayer ID #: | | Account Title: | Hickory Building Contract |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 01/25/2013 | | RABOBANK MIGRATION TRANSFER IN | RABOBANK MIGRATION | 9999-000 | $8,389.52 | | $8,389.52 |
| 01/29/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building for Jan. 2013 | 1121-000 | $2,804.84 | | $11,194.36 |
| 05/06/2013 | (14) | College Book Rental Company LLC | Proceeds from sale of inventory; ECF #73. | 1129-000 | $5,000.00 | | $16,194.36 |
| 05/07/2013 | | From Account #5004815667 | Deposit reversal 5/6/13 was in error | 1290-000 | $5,609.68 | | $21,804.04 |
| 05/07/2013 | | From Account #5004815667 | {BANK RECON} | 1290-000 | ($5,609.68) | | $16,194.36 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $2,804.84 | | $18,999.20 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $2,804.84 | | $21,804.04 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $2,804.84 | | $24,608.88 |
| 05/07/2013 | | To Account #******5667 | Deposited into wrong sub-account **5666 | 9999-000 | | $5,000.00 | $19,608.88 |
| 05/29/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building for May | 1121-000 | $2,804.84 | | $22,413.72 |
| 07/14/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $25,218.56 |
| 07/26/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building for July | 1121-000 | $2,804.84 | | $28,023.40 |
| 09/24/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $30,828.24 |
| 09/29/2013 | (1) | CBR College Book Renter | Rent on SEB bldg.; ECF #73. | 1122-000 | $10,000.00 | | $40,828.24 |
| 09/29/2013 | (21) | AT&T Mobility Universal Services Fund | Money received for a refund due to SE Book from AT&T Mobility | 1221-000 | $34.46 | | $40,862.70 |
| 09/29/2013 | (21) | AT&T Mobility Universal Services Fund | Deposited into incorrect sub-account. | 1221-000 | ($34.46) | | $40,828.24 |
| 09/29/2013 | (1) | CBR College Book Renter | Rent on SEB bldg.; ECF #73. | 1122-000 | ($10,000.00) | | $30,828.24 |
| 10/26/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building for Oct. | 1121-000 | $2,804.84 | | $33,633.08 |
| 12/06/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $36,437.92 |
| 12/21/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building for Dec. 2013. | 1121-000 | $2,804.84 | | $39,242.76 |
| 01/27/2014 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building for Jan. 2014 | 1121-000 | $2,804.84 | | $42,047.60 |
| 01/28/2014 | 10101 | International Surities, LTD | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 01/28/2014 FOR CASE #12-50954, Bond # 016027928 | 2300-000 | | $148.97 | $41,898.63 |
| | | | **SUBTOTALS** | | $47,047.60 | $5,297.94 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: | Rabobank, N.A. |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: | ******5666 |
| Co-Debtor Taxpayer ID #: | | Account Title: | Hickory Building Contract |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 01/28/2014 | 10101 | International Surities, LTD | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 01/28/2014 FOR CASE #12-50954, Bond # 016027928 | 2300-003 | | ($148.97) | $42,047.60 |
| 01/28/2014 | 10102 | International Surities, LTD | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 01/28/2014 FOR CASE #12-50954, Bond # 016027928 | 2300-000 | | $148.97 | $41,898.63 |
| 01/28/2014 | 10102 | International Surities, LTD | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 01/28/2014 FOR CASE #12-50954, Bond # 016027928 | 2300-003 | | ($148.97) | $42,047.60 |
| 02/27/2014 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building | 1121-000 | $2,804.84 | | $44,852.44 |
| 03/24/2014 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building March pmt. | 1121-000 | $2,804.84 | | $47,657.28 |
| 04/26/2014 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building for April. | 1121-000 | $2,804.84 | | $50,462.12 |
| 05/06/2014 | (1) | CBR College Book Renter | Land contract payment on Hickory building for May. | 1122-000 | $10,000.00 | | $60,462.12 |
| 05/22/2014 | | Integrity Bank | Transfer Funds | 9999-000 | | $60,462.12 | $0.00 |

| | | | | |
|---|---|---|---|---|
| | TOTALS: | | $65,462.12 | $65,462.12 | $0.00 |
| | Less: Bank transfers/CDs | | $16,804.04 | $65,462.12 | |
| | Subtotal | | $48,658.08 | $0.00 | |
| | Less: Payments to debtors | | $0.00 | $0.00 | |
| | Net | | $48,658.08 | $0.00 | |

| For the period of 10/27/2012 to 5/4/2019 | | For the entire history of the account between 01/23/2013 to 5/4/2019 | |
|---|---|---|---|
| Total Compensable Receipts: | $48,658.08 | Total Compensable Receipts: | $48,658.08 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $48,658.08 | Total Comp/Non Comp Receipts: | $48,658.08 |
| Total Internal/Transfer Receipts: | $16,804.04 | Total Internal/Transfer Receipts: | $16,804.04 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $65,462.12 | Total Internal/Transfer Disbursements: | $65,462.12 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No. | 12-50954-THF | |
| Case Name: | SE BOOK COMPANY, LLC | |
| Primary Taxpayer ID #: | **-***9749 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 10/27/2012 | |
| For Period Ending: | 5/4/2019 | |

| | |
|---|---|
| Trustee Name: | Mark R. Little |
| Bank Name: | Rabobank, N.A. |
| Checking Acct #: | ******5667 |
| Account Title: | College Book Rental |
| Blanket bond (per case limit): | $5,700,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 01/25/2013 | | RABOBANK MIGRATION TRANSFER IN | RABOBANK MIGRATION | 9999-000 | $9,975.00 | | $9,975.00 |
| 02/02/2013 | (1) | College Book Rental Company LLC | Rental of SE Book Bldg | 1122-000 | $5,000.00 | | $14,975.00 |
| 02/24/2013 | (2) | Sunshine Paper Products, LLC | Contract payment | 1121-000 | $2,804.84 | | $17,779.84 |
| 02/27/2013 | (21) | Book Mart Corp | Invoice #s 10908204, 10908690, 10913729 | 1221-000 | $283.25 | | $18,063.09 |
| 02/27/2013 | (21) | Brian's Books, Inc. | Invoice #s 10905304, 10908203, 116290, 10920616 | 1221-000 | $6,016.08 | | $24,079.17 |
| 02/27/2013 | (21) | CSU Fullerton ASC-Titan Shops | invoice #10894105 | 1221-000 | $832.39 | | $24,911.56 |
| 02/27/2013 | (21) | Highline Community College | accounts payable invoice #10919928 | 1221-000 | $896.48 | | $25,808.04 |
| 02/27/2013 | (21) | Student Book Store-State College | invoice #s 10911490, 10913319, 10911489, 10931029, 10931028 | 1221-000 | $696.38 | | $26,504.42 |
| 02/27/2013 | (21) | Tiger Bookstore, Inc. | invoice #10912351, 10920608 | 1221-000 | $886.98 | | $27,391.40 |
| 02/27/2013 | (21) | University of California, San Diego | Invoice #10916326 | 1221-000 | $195.70 | | $27,587.10 |
| 02/27/2013 | (21) | University of California, San Diego | Invoice #10934173 | 1221-000 | $115.75 | | $27,702.85 |
| 03/06/2013 | (1) | College Book Rental Company LLC | Warehouse rent | 1122-000 | $5,000.00 | | $32,702.85 |
| 03/26/2013 | (2) | Sunshine Paper Products, LLC | March rent | 1121-000 | $2,804.84 | | $35,507.69 |
| 04/03/2013 | (1) | College Book Rental Company LLC | Warehouse rental | 1122-000 | $5,000.00 | | $40,507.69 |
| 04/03/2013 | (21) | Murray Municipal Utilities | refund of deposit after utilities switched to CBR | 1221-000 | $134.86 | | $40,642.55 |
| 04/10/2013 | (21) | University of California, San Diego | Reversed Deposit 100003 1 Invoice #10916326 | 1221-000 | ($195.70) | | $40,446.85 |
| 04/29/2013 | (1) | College Book Rental Company LLC | Warehouse rental | 1122-000 | $5,000.00 | | $45,446.85 |
| 04/29/2013 | (2) | Sunshine Paper Products, LLC | Payment land contract Hickory Building | 1121-000 | $2,804.84 | | $48,251.69 |
| 05/07/2013 | | From Account #******5666 | Deposited into wrong sub-account **5666; Proceeds from sale of inventory; ECF #73. | 9999-000 | $5,000.00 | | $53,251.69 |
| 05/07/2013 | | To Account #******5666 | Deposited into wrong sub-account **5667 | 9999-000 | | $2,804.84 | $50,446.85 |
| 05/07/2013 | | To Account #******5666 | Deposited into wrong sub-account **5667 | 9999-000 | | $2,804.84 | $47,642.01 |
| 05/07/2013 | | To Account #******5666 | Deposited into wrong sub-account **5667 | 9999-000 | | $2,804.84 | $44,837.17 |
| 05/07/2013 | | To Account #******5668 | Deposited into wrong sub-account **5667 | 9999-000 | | $115.75 | $44,721.42 |
| 05/07/2013 | | To Account #******5668 | Deposited into wrong sub-account **5667 | 9999-000 | | $283.25 | $44,438.17 |
| 05/07/2013 | | To Account #******5668 | Deposited into wrong sub-account **5667 | 9999-000 | | $696.38 | $43,741.79 |
| | | | **SUBTOTALS** | | $53,251.69 | $10,206.28 | |

Exhibit 9

## FORM 2
### CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: | Rabobank, N.A. |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: | ******5667 |
| Co-Debtor Taxpayer ID #: | | Account Title: | College Book Rental |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 05/07/2013 | | To Account #******5668 | Deposited into wrong sub-account **5667 | 9999-000 | | $832.39 | $42,909.40 |
| 05/07/2013 | | To Account #******5668 | Deposited into wrong sub-account **5667 | 9999-000 | | $886.98 | $42,022.42 |
| 05/07/2013 | | To Account #******5668 | Deposited into wrong sub-account **5667 | 9999-000 | | $896.48 | $41,125.94 |
| 05/07/2013 | | To Account #******5668 | Deposited into wrong sub-account **5667 | 9999-000 | | $6,016.08 | $35,109.86 |
| 06/06/2013 | (1) | College Book Rental Company LLC | Warehouse rental | 1122-000 | $5,000.00 | | $40,109.86 |
| 06/06/2013 | (15) | College Book Rental Company LLC | Sale of domain name WeBuyTextBooks.com; ECF #83. | 1129-000 | $7,500.00 | | $47,609.86 |
| 06/06/2013 | (21) | Central Michigan University | Accounts receivable | 1221-000 | $47.46 | | $47,657.32 |
| 07/14/2013 | (1) | College Book Rental Company LLC | Rent for SEB bldg | 1122-000 | $10,000.00 | | $57,657.32 |
| 08/15/2013 | (1) | College Book Rental Company LLC | Rent on SE Book Bldg | 1122-000 | $10,000.00 | | $67,657.32 |
| 08/28/2013 | (1) | CBR College Book Renter | 2nd half of June 2013 rent: ECF #73 | 1122-000 | $5,000.00 | | $72,657.32 |
| 08/28/2013 | (9) | CBR College Book Renter | Sale of shelving units; ECF #73. | 1129-000 | $2,000.00 | | $74,657.32 |
| 08/30/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $219.42 | $74,437.90 |
| 09/04/2013 | (1) | CBR College Book Renter | SEB building rent received for Sept.; ECF #73. | 1122-000 | $10,000.00 | | $84,437.90 |
| 09/04/2013 | (2) | Sunshine Paper Products, LLC | Land contract payment on Hickory building for Aug. | 1121-000 | $2,804.84 | | $87,242.74 |
| 09/30/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $242.86 | $86,999.88 |
| 10/31/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $299.57 | $86,700.31 |
| 11/04/2013 | (1) | CBR College Book Renter | Rent on SEB bldg.; ECF #73 | 1122-000 | $10,000.00 | | $96,700.31 |
| 11/04/2013 | (1) | CBR College Book Renter | Rent on SEB bldg. for Nov.: ECF #73 | 1122-000 | $10,000.00 | | $106,700.31 |
| 11/29/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $269.55 | $106,430.76 |
| 12/06/2013 | (1) | CBR College Book Renter | Rent on SEB bldg.: ECF #73 | 1122-000 | $10,000.00 | | $116,430.76 |
| 12/31/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $333.66 | $116,097.10 |
| 01/03/2014 | (1) | CBR College Book Renter | Jan. rent on SEB bldg.; ECF #73 | 1122-000 | $10,000.00 | | $126,097.10 |
| 01/31/2014 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $335.78 | $125,761.32 |
| 02/02/2014 | (1) | CBR College Book Renter | Rent on SEB bldg..; #73. | 1122-000 | $10,000.00 | | $135,761.32 |
| 02/28/2014 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $320.34 | $135,440.98 |
| 03/04/2014 | (1) | CBR College Book Renter | Rent on SE Book bldg for March; ECF #73. | 1122-000 | $10,000.00 | | $145,440.98 |
| 03/31/2014 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $348.86 | $145,092.12 |
| 04/02/2014 | (1) | CBR College Book Renter | April rent SE Book bldg.; ECF #73. | 1122-000 | $10,000.00 | | $155,092.12 |

| | | | | SUBTOTALS | $132,352.30 | $11,001.97 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page No: 19    Exhibit 9

| | | |
|---|---|---|
| Case No. | 12-50954-THF | |
| Case Name: | SE BOOK COMPANY, LLC | |
| Primary Taxpayer ID #: | **-***9749 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 10/27/2012 | |
| For Period Ending: | 5/4/2019 | |

| | | |
|---|---|---|
| Trustee Name: | Mark R. Little | |
| Bank Name: | Rabobank, N.A. | |
| Checking Acct #: | ******5667 | |
| Account Title: | College Book Rental | |
| Blanket bond (per case limit): | $5,700,000.00 | |
| Separate bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 04/30/2014 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $404.19 | $154,687.93 |
| 05/22/2014 | | Rabobank, N.A. | Bank Service Fee | 2600-000 | | $288.76 | $154,399.17 |
| 05/22/2014 | | Integrity Bank | Transfer Funds | 9999-000 | | $154,399.17 | $0.00 |

| | | | |
|---|---|---|---|
| **TOTALS:** | $175,603.99 | $175,603.99 | $0.00 |
| **Less: Bank transfers/CDs** | $14,975.00 | $172,541.00 | |
| **Subtotal** | $160,628.99 | $3,062.99 | |
| **Less: Payments to debtors** | $0.00 | $0.00 | |
| **Net** | $160,628.99 | $3,062.99 | |

| For the period of 10/27/2012 to 5/4/2019 | | For the entire history of the account between 01/23/2013 to 5/4/2019 | |
|---|---|---|---|
| Total Compensable Receipts: | $160,628.99 | Total Compensable Receipts: | $160,628.99 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $160,628.99 | Total Comp/Non Comp Receipts: | $160,628.99 |
| Total Internal/Transfer Receipts: | $14,975.00 | Total Internal/Transfer Receipts: | $14,975.00 |
| | | | |
| Total Compensable Disbursements: | $3,062.99 | Total Compensable Disbursements: | $3,062.99 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $3,062.99 | Total Comp/Non Comp Disbursements: | $3,062.99 |
| Total Internal/Transfer Disbursements: | $172,541.00 | Total Internal/Transfer Disbursements: | $172,541.00 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: | Rabobank, N.A. |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: | ******5668 |
| Co-Debtor Taxpayer ID #: | | Account Title: | Accounts receivable |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 01/25/2013 | | RABOBANK MIGRATION TRANSFER IN | RABOBANK MIGRATION | 9999-000 | $52,118.30 | | $52,118.30 |
| 01/31/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $44.09 | $52,074.21 |
| 02/28/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $104.10 | $51,970.11 |
| 03/29/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $131.19 | $51,838.92 |
| 04/30/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $156.29 | $51,682.63 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $115.75 | | $51,798.38 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $283.25 | | $52,081.63 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $696.38 | | $52,778.01 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $832.39 | | $53,610.40 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $886.98 | | $54,497.38 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $896.48 | | $55,393.86 |
| 05/07/2013 | | From Account #******5667 | Deposited into wrong sub-account **5667 | 9999-000 | $6,016.08 | | $61,409.94 |
| 05/29/2013 | (21) | Associated Students | Accounts receivable | 1221-000 | $1,166.89 | | $62,576.83 |
| 05/31/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $170.68 | $62,406.15 |
| 06/28/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $173.63 | $62,232.52 |
| 07/14/2013 | (21) | University of California, San Diego | Received the reissue of a check that was originally sent to SEB address in Murray and was deposited by Trustee after the 90 day cancellation period had expired. | 1221-000 | $195.70 | | $62,428.22 |
| 07/31/2013 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | $218.94 | $62,209.28 |
| 09/29/2013 | (21) | ATT Mobility Universal Services Fund | Payment on claim for refund of charges paid to AT&T Mobility | 1221-000 | $34.46 | | $62,243.74 |
| 05/22/2014 | | Integrity Bank | Transfer Funds | 9999-000 | | $62,243.74 | $0.00 |
| | | | **SUBTOTALS** | | $63,242.66 | $63,242.66 | |

## FORM 2
### CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit 9

| | | |
|---|---|---|
| Case No. | 12-50954-THF | |
| Case Name: | SE BOOK COMPANY, LLC | |
| Primary Taxpayer ID #: | **-****9749 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 10/27/2012 | |
| For Period Ending: | 5/4/2019 | |

| | | |
|---|---|---|
| Trustee Name: | Mark R. Little | |
| Bank Name: | Rabobank, N.A. | |
| Checking Acct #: | ******5668 | |
| Account Title: | Accounts receivable | |
| Blanket bond (per case limit): | $5,700,000.00 | |
| Separate bond (if applicable): | | |

| 1 | 2 | 3 | 4 | Uniform Tran Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | | Deposit $ | Disbursement $ | Balance |
| | | **TOTALS:** | | | $63,242.66 | $63,242.66 | $0.00 |
| | | **Less: Bank transfers/CDs** | | | $61,845.61 | $62,243.74 | |
| | | **Subtotal** | | | $1,397.05 | $998.92 | |
| | | **Less: Payments to debtors** | | | $0.00 | $0.00 | |
| | | **Net** | | | $1,397.05 | $998.92 | |

| For the period of  10/27/2012 to 5/4/2019 | | For the entire history of the account between 01/23/2013 to 5/4/2019 | |
|---|---|---|---|
| Total Compensable Receipts: | $1,397.05 | Total Compensable Receipts: | $1,397.05 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $1,397.05 | Total Comp/Non Comp Receipts: | $1,397.05 |
| Total Internal/Transfer Receipts: | $61,845.61 | Total Internal/Transfer Receipts: | $61,845.61 |
| | | | |
| Total Compensable Disbursements: | $998.92 | Total Compensable Disbursements: | $998.92 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp  Disbursements: | $998.92 | Total Comp/Non Comp  Disbursements: | $998.92 |
| Total Internal/Transfer  Disbursements: | $62,243.74 | Total Internal/Transfer  Disbursements: | $62,243.74 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page No: 22          Exhibit 9

| Case No. | 12-50954-THF | Trustee Name: | Mark R. Little |
|---|---|---|---|
| Case Name: | SE BOOK COMPANY, LLC | Bank Name: | Rabobank, N.A. |
| Primary Taxpayer ID #: | **-***9749 | Checking Acct #: | ******5669 |
| Co-Debtor Taxpayer ID #: | | Account Title: | Checking Account |
| For Period Beginning: | 10/27/2012 | Blanket bond (per case limit): | $5,700,000.00 |
| For Period Ending: | 5/4/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| | | | **TOTALS:** | | $0.00 | $0.00 | $0.00 |
| | | | **Less: Bank transfers/CDs** | | $0.00 | $0.00 | |
| | | | **Subtotal** | | $0.00 | $0.00 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $0.00 | $0.00 | |

| For the period of **10/27/2012** to **5/4/2019** | | For the entire history of the account between **01/29/2013** to **5/4/2019** | |
|---|---|---|---|
| Total Compensable Receipts: | $0.00 | Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 | Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

Page No: 23                Exhibit 9

## FORM 2

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No. | 12-50954-THF | |
| Case Name: | SE BOOK COMPANY, LLC | |
| Primary Taxpayer ID #: | **-***9749 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 10/27/2012 | |
| For Period Ending: | 5/4/2019 | |

| | |
|---|---|
| Trustee Name: | Mark R. Little |
| Bank Name: | Rabobank, N.A. |
| Checking Acct #: | ******5669 |
| Account Title: | Checking Account |
| Blanket bond (per case limit): | $5,700,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | $629,390.93 | $629,390.93 | $0.00 |

| **For the period of 10/27/2012 to 5/4/2019** | | **For the entire history of the case between 10/27/2012 to 5/4/2019** | |
|---|---|---|---|
| Total Compensable Receipts: | $629,390.93 | Total Compensable Receipts: | $629,390.93 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $629,390.93 | Total Comp/Non Comp Receipts: | $629,390.93 |
| Total Internal/Transfer Receipts: | $544,427.07 | Total Internal/Transfer Receipts: | $544,427.07 |
| | | | |
| Total Compensable Disbursements: | $629,390.93 | Total Compensable Disbursements: | $629,390.93 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $629,390.93 | Total Comp/Non Comp Disbursements: | $629,390.93 |
| Total Internal/Transfer Disbursements: | $544,427.07 | Total Internal/Transfer Disbursements: | $544,427.07 |

/s/ MARK R. LITTLE

MARK R. LITTLE